THE HENLEY-LUNDGREN COMPANY *vs.* COMMONWEALTH. No. 88-P-385. September 19, 1989. *Commonwealth,* Claim against. *Contract,* With Commonwealth. *Interest.*

The plaintiff, having a contract with the defendant, through the Department of Public Works (DPW), for reconstruction of a road (or portion thereof) from Mansfield to Norton, encountered muck in excess of estimates and, on July 21, 1982, filed a revised demand for payment in the amount of $298,968.33 for excavation of the muck and for additional fill. This demand was approved by the district engineer on September 24, 1982, who

---

forwarded it to the DPW chief engineer. The usual procedure was to refer the claim to the hearing examiner of the board of contract appeals and thence to the board, and this was done by January, 1983. The process was delayed further, however, because the Federal Highway Administration had instituted a field audit requirement applicable after December, 1982, to certain construction claims and extra work orders if Federal reimbursement would be claimed. The claim was referred for the Federal field audit on March 22, 1983, but the audit was not completed for almost a year. The audit found the claim reasonable but recommended certain further legal review. This was completed by the DPW on March 19, 1984, and the claim was finally approved for payment at the end of March or the beginning of April. The plaintiff was paid by check for the work on April 12, 1984, approximately twenty-one months after making its revised demand. A year later, in May, 1985, the plaintiff filed a complaint seeking interest on the claim for the period from September 24, 1982, the date of the original approval by the district engineer, to the date of payment.

1. General Laws c. 231, § 6C (as amended through St. 1982, c. 183, § 3), on which the complaint was predicated, provides for payment of interest at twelve percent per annum on judgments in contract claims from the date of the breach or demand. The interest is computed on the amount of the "verdict, finding or order for judgment." Here the claim for the extra work was paid long before commencement of the action. Thus, there was no verdict, finding, or order for judgment on the claim for extra work on which interest could be computed. Section 6C has no bearing to the claim, unless the principle stated in *Perkins School for the Blind* v. *Rate Setting Commn.*, 383 Mass. 825, 836 (1981), is applicable.

2. General Laws c. 16, § 5(*b*), contemplates the approval, prior to payment, of contract claims by the Public Works Commission sitting as a board of contract appeals, following the recommendation of a hearing examiner appointed under the same section. It is not contended that the commission acted unreasonably when it incorporated in the approval process compliance with any additional federally imposed directives on which Federal financial participation in DPW projects may from time to time be predicated. See generally, G. L. c. 29, § 6B(*b*), (*d*) and (*f*). The procedures followed were those generally contemplated by G. L. c. 16, § 5(*b*); the claim could not be paid until that administrative approval was secured. The principle generally applicable is that "interest may be allowed against the Commonwealth for any 'detention of money, beyond the reasonable time which the statutes requiring payment . . . fairly should be interpreted as contemplating.' *Massachusetts Gen. Hosp.* [v. *Commr. of Pub. Welfare*, 359 Mass. 206, 209 (1971)]. The critical question is whether the Commonwealth has done all that the law required of it in the particular case. If it has, it is not accountable for interest; if it has not, it is accountable for it as a compensation for the nonperformance of its contract." *Perkins School for the Blind* v. *Rate Setting Commn.*, supra at 831.

3. The plaintiff argues that the DPW was dilatory in processing the claim because it violated G. L. c. 30, § 39P, inserted by St. 1973, c. 1164. Where that section applies (there is no contention that it does not apply to this contract), it mandates promptness in decision making if the contract requires "the awarding authority, any official, its architect or engineer to make a decision on interpretation of the specifications, approval of equipment, material or any other approval, or progress of the work", and, if approval cannot be given within thirty days, the decision maker must "give the party making the submission written notice of the reasons why the decision cannot be made within the thirty day period and the date by which the decision will be made." If the DPW had approved the claim for payment within thirty days, the plaintiff argues, the claim would have been paid well before the effective date of the Federal field-audit mandate, compliance with which caused, directly or indirectly, the greater part of the delay (March 22, 1983, to March 19, 1984).

In our view the thirty-day approval requirement of § 39P does not apply to claims for payment. The words "any other approval" are syntactically linked to "approval[s] of equipment [or] material," suggesting decisions of an engineering nature that must be made promptly if the work is not to be unduly delayed. Similar urgency would attend decisions as to interpretation of the specifications, and even approvals as to progress of the work are preliminary to filing claims for payment. The requirement of G. L. c. 16, § 5(b), for referring payment claims to a hearing examiner and for final approval by the board of contract appeals, coupled (by operation of law) with procedures applicable generally to payments by the Commonwealth (see G. L. c. 29, § 18, relating to certification by the Comptroller, approval of a warrant by the Governor and Executive Council, and issuance of a check thereafter by the State Treasurer), obviously contemplates a more cumbersome process than decisions made in the field by architects, clerks of the works, or district engineers.

The judge correctly ruled that the plaintiff was not entitled to interest under G. L. c. 231, § 6C.

*Judgment affirmed.*

*Charles E. Schaub, Jr.,* for the plaintiff.
*Brison S. Shipley,* Assistant Attorney General, for the Commonwealth.