Merrick, J.
Plaintiff Ernesto Velasquez brought this action under G.L.c. 90, §34M to recover Personal Injury Protection (“PIP”) benefits and attorney’s fees. A default judgment was entered against the defendant-insurer, Liberty Mutual Insurance Company (“Liberty”), and Liberty thereafter brought this Dist./Mun. Cts. R. A. D. A 8A “Expedited Appeal” to challenge the court’s assessment of damages.
The plaintiff was injured on May 9, 1994 in a motor vehicle accident. At the time of the accident, the plaintiff had a Massachusetts Automobile Insurance Policy, issued by Liberty, which included PIP coverage with an $8,000.00 limit. On May 27, 1994, plaintiff’s counsel notified Liberty of the accident by letter,[1] and enclosed a completed claim form which failed to answer a question regarding the identity of any health insurer.[2] On June 8, 1994, the plaintiff submitted medical bills in the amount of $2,241.98 in support of his PIP claim. Payment was requested by the plaintiff in *86 correspondence dated July 5, and August 10, 1994. On August 15, 1994, the plaintiff submitted additional medical bills in the amount of $1,370.00, and requested payment of the total amount of PIP benefits claimed ($3,943.48). On September 7, 1994, plaintiffs counsel again wrote to the defendant demanding payment and threatening suit for PIP benefits owed and for attorney’s fees under G.L.c. 90, §34M.
On September 28, 1994, the plaintiff commenced this action in the East Boston Division of the District Court Department. It is important to note that for the first time, as far as the record reflects, the plaintiff sought only $2,000.00 in PIP benefits as well as court costs and attorney’s fees. The plaintiff did not seek interest or nominal damages.
At approximately the same time, Liberty paid $2,000.00 in PIP benefits to the plaintiff.[3] Liberty was served on October 7,1994 and was defaulted on October 28, 1994, twenty-one days after service. Liberty filed a motion to remove the default and file an answer late. Liberty’s motion was allowed upon the condition that Liberty pay $100.00 in attorney’s fees. Having already paid the $2,000.00 sought by the plaintiff, Liberty elected not to pay the $100.00 in attorney’s fees and to appear instead at an assessment of damages hearing to contest that any damages were due the plaintiff.
After hearing, the trial court assessed damages in the nature of interest on the $2,000.00 at the rate of twelve (12%) percent from July 8, 1994 (thirty days after the plaintiff’s submission of medical bills to Liberty) to September 28, 1994 (the approximate time of payment as stipulated by the parties) in the amount of $54.12, plus $1,612.50 in attorney’s fees. Liberty now appeals this assessment of damages.
1. The plaintiff’s claim for attorney’s fees, the principal subject of this appeal, is dependent upon his claim for interest or nominal damages. A prevailing plaintiff in a contract action is entitled to have interest at the rate of either twelve (12%) percent, or such other rate as specified in the contract, “added by the clerk of the court to the amount of damages.” G.L.c. 231, §6C. That was not the action taken in this case. There were no damages in the nature of PIP benefits due at the time of the assessment hearing. The Henley-Lundgren Co. v. Commonwealth, 27 Mass. App. Ct. 1195, 1196 (1989). The judge appears instead to have relied upon the principle that when money is not paid when due at a certain time, interest may constitute an element of damages itself rather than just an addition to damages. Perkins School for the Blind v. Rate Setting Commission, 383 Mass. 825, 836 (1981).
Section 34M of G.L.c. 90 provides that
where benefits remain unpaid for more than 30 days any unpaid party shall be deemed a party to the contract with the insurer... and shall therefore have a right to commence an action in contract for payment for amounts therein determined to be due... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.
Statutory provisions made applicable to a contract may be relied upon in an action on the contract. Lexington v. Bedford, 378 Mass. 562, 576 (1979). An action for breach of contract may seek not only interest for a late payment, but also nominal damages. Damiano v. National Grange Mut. Liab. Ins. Co., 316 Mass. 626, 629 (1944). The present case raises the issue of whether an award of attorney’s fees may be made under G.L.c. 90, §34M in connection not with a recovery of PIP benefits, but with a recovery of nominal damages for contract breach or of interest for a late payment. However, in view of the nature of the judgment entered in this case, we are not required to decide that issue.
*87 2. Judgment in this case was entered by default. The plaintiffs complaint did not claim either interest or nominal damages.[4] Relying upon Sterling Engineering and Construc. Co. v. Taunton, 5 Mass. App. Ct. 781 (1977), the plaintiff argues that he is entitled to recover interest (and thus, at least arguably, attorneys fees) because Dist./Mun. Cts. R Civ. P., Rule 54(c) provides that “every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.” Sterling did not, however, involve a default judgment. Rule 54(c) further states that the above quoted language applies “ [ejxcept as to a party against whom a judgment is entered by default.”
The general rule is that “[i]n fairness ... damages of a particular nature may be assessed against a defendant in default only if the possibility of such an award has been brought to his attention by the complaint.” Buffum v. Rockport, 36 Mass. App. Ct. 377, 382 (1994). ‘This permits a defendant to decide the scope of his downside risk, and thus to determine whether to expend time and money defending the action.” J. W. SMITH AND H. R. ZOBEL, RULES PRACTICE §54.9, at 312 (1977). That is precisely what the defendant did here in declining to pay the $100.00 attorney’s fee to remove the default when it had already paid the $2,000.00 benefit sought in the plaintiffs complaint. The plaintiff thus forfeited his chance at expanded relief by insisting on the default.
The judgment for the plaintiff is hereby vacated. Judgment is to be entered for the defendant.
So ordered.

The letter, enclosure and other materials are improperly included in a “Record Appendix” submitted by the plaintiff. Defendant Liberty also filed a “Record Appendix” with its brief. Rule 8A of the Dist./Mun. Cts. RAD.A provides a simple and expeditious method of appeal of legal issues when the relevant facts and documents are not in dispute. No record appendix should be filed by either party under Rule 8A The aggrieved party is instead required to include all of the necessary facts and documents in the Expedited Appeal itself which then constitutes the record on appeal. In those instances in which the Expedited Appeal document fails to constitute a complete trial court record, the opposing party’s remedy is to object to the Expedited Appeal. Neither party may file his own record appendix. Scalia v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 69 (May 10, 1995). The parties’ procedural errors are not, however, fatal because the combination of materials presented “constitute a record sufficient to permit effective appellate review in this matter. Id. at 71.

The omission is significant. Under G.L.c. 90, §34A, PIP benefits are coordinated with medical insurance, HMO or similar health benefits. Notwithstanding the $8,000.00 PIP coverage limit in the plaintiff’s policy, Liberty is liable to the plaintiff for only $2,000.00 if (as appears to have been the case here) the plaintiff had medical coverage for the balance of his expenses. Im v. Metropolitan Prop. & Liab. Ins. Co., 1994 Mass. App. Div. 113, 114. In making a claim under his PIP coverage, the plaintiff was obligated to provide Liberty with “such other information as may assist in determining the amount due and payable.” G.L.c. 90, §34M, par. 3. However, since the judgment herein was by default, Liberty could not contest its liability by raising this defense.

The record does not reflect, nor were counsel able to say at oral argument, whether Liberty paid the $2,000.00 before the complaint was filed or served. Payment was certainly made before the trial court’s assessment of damages.

Indeed the plaintiff has not even raised the issue of nominal damages in argument to this Division.