Sherman, PJ.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (“PIP”) benefits, costs and attorney’s fees for the defendant’s alleged failure to make timely payment of the plaintiff’s claim for medical expenses incurred after she was struck by a vehicle driven by Richard Williams (“Williams”), the defendant’s insured.
After trial, judgment was entered for the defendant, Liberty Mutual Insurance Company.[2] Pursuant to Dist./Mun. Cts. R. A D. A, Rule 8C, the plaintiff has appealed the court’s rulings of law and its denial of her motion for a new trial.
The accident in question occurred on January 12, 1993. The then twelve year old plaintiff proceeded to cross the street with the light as Williams was making a left turn in her direction. Williams did not see the plaintiff until just before the accident, but was able to stop his vehicle just as he reached the plaintiff. The car lightly struck the plaintiff on both knees. The impact was not sufficient even to knock the plaintiff down, and she proceeded unassisted to cross the street. Athough the plaintiff stated that she was not injured, passersby called an ambulance and the plaintiff was taken to Cambridge Hospital. All x-rays were negative, and there was no indication of swelling, bruising, cuts, abrasions or injury of any kind. The plaintiff had been treated for at least two years prior to the accident for knee and back pain. The trial judge found that the accident temporarily exacerbated the plaintiff’s pre-existing knee condition, but that she had fully recovered by the time of trial and required no additional treatment.
Williams filed a motor vehicle accident report on January 15, 1993, and duly notified defendant Liberty Mutual, his insurer. After several unsuccessful efforts, the defendant finally contacted the plaintiff on February 12, 1993. The plaintiff’s mother indicated that she had received only one bill from Cambridge Hospital which she could not locate.
By letter dated April 13,1993, plaintiff’s counsel notified the defendant that he had been retained, and requested a PIP benefits claim form. Three months later, on July 19,1993, the defendant received a completed application for PIP benefits from plaintiff’s counsel. The application briefly described the accident and the plaintiff’s “injuries” indicated that she had been treated at Cambridge Hospital and the Khalsa Chiropractic Office (“Khalsa”), and stated that the plaintiff’s medical bills exceeded $1,368.00. The seven bills attached to the plaintiff’s application totalled only $1,313.27. Six of these were from Cambridge Hospital and one was *64 from Khalsa.
The first Cambridge Hospital bill for $567.81 clearly covered emergency room services rendered to the plaintiff on the day of the January 12,1993 accident. On July 20,1993, the next day after receiving the plaintiffs PIP application, the defendant issued payment for the $567.81 Cambridge Hospital bill. As to the remaining bills,[3] the defendant requested by letter dated July 20,1993 that plaintiffs counsel forward copies of Cambridge Hospital and Khalsa treatment and examination reports. Correspondence by plaintiffs attorney dated August 2 and August 13, 1993 indicate that certain unidentified reports or records as well as additional Khalsa bills were forwarded to the defendant.
On August 13,1993, the defendant notified both the plaintiff and her attorney that an independent medical examination (“IME”) of the plaintiff had been scheduled for August 23,1993 in Winchester, Massachusetts. On August 16,1993, plaintiffs counsel cancelled the IME on the grounds that the plaintiff could not afford the costs of transportation to Winchester from her home in Cambridge. On August 18.1993, the defendant asserted its right to an IME of the plaintiff and offered to reschedule. The IME was subsequently slated for September 1, 1993 in Cambridge to accommodate the plaintiff, but plaintiffs counsel again cancelled the appointment. The IME was finally rescheduled and conducted on September 8, 1993. While the parties were negotiating an IME date, the plaintiff commenced this G.L.c. 90, §34M action to recover for the defendant’s failure to commence payment of PIP benefits within thirty days of receipt of medical bills.
The plaintiff also continued in the interim to forward additional bills. On September 1 and 3, 1993, the defendant received New England Medical Center bills totalling $393.00 for services provided on March 31 and April 14,1993. The plaintiff also sent a $95.00 bill from a Dr. Fernandez for his examination of the plaintiff on April 7,1995. On September 2,1993, the defendant received additional Khalsa bills. Repeated requests to plaintiffs counsel were made during this period for copies of medical reports and records detailing the services which had been billed.
The IME report was released to the parties at the end of September. On October 1,1993, the defendant issued a PIP benefits check to the plaintiff in the amount of $1,409.13 which included payment of $333.13 in Cambridge Hospital bills, $95.00 on the Fernandez bill, $375.00 for Khalsa invoices and $606.00 for New England Medical Center charges.[4] On October 28, 1993, the defendant issued a third check to the plaintiff in the amount of $61.33 which it designated as the balance of the Cambridge Hospital bill.
On December 6, 1993, plaintiffs counsel forwarded a $350.00 Cambridge Orthopedic Center bill to the defendant, which the defendant paid on December 15.1993. The plaintiffs final submission of medical bills for additional Khalsa treatments was received by the defendant on December 23,1993.
The trial judge found that the defendant had properly required an IME, had made timely payment of medical bills submitted by the plaintiff, had continued to issue payments even after commencement of this suit, and believed at the time of *65 trial in February, 1995 that no PIP benefits remained due and payable to the plaintiff. The court ruled, inter alia, that “[p]laintiff commenced this suit before the IME with the chiropractor occurred. Plaintiff cannot establish that Defendant failed to comply with its requirements under the statute.”
1. It is essential to note at the outset that at the time the plaintiff commenced this suit on August 24,1993, she had no actionable G.L.c. 90, §34M claim against the defendant for unpaid PIP benefits. The gravamen of her complaint that the defendant was unconditionally obligated to pay all medical bills within exactly thirty days of receipt was devoid of merit and inconsistent with the letter and intent of the statute in question.'
It has been stated that G.L.c. 90, §34M creates a right of action for the non-payment of valid claims for PIP benefits with the prescribed thirty day period. See Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 77 (1977). The relevant language of §34M provides:
Personal injury protection benefits ... shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred ... In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party ... shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with provisions of this chapter...
Construing this provision in accordance with the ordinary meaning of the language used, Scheffler’s Case, 419 Mass. 251. 255 (1994), it is clear that non-payment within thirty days of only those PIP benefits which are “due and payable” will give rise to a cause of action in contract against an insurer. In the preceding sentence of the statute, benefits are designated as “due and payable” upon the insurer’s receipt of “reasonable proof’ of expenses incurred by the claimant. “Reasonable proof’ in its most prosaic sense would logically require some form of “independent evidence,” Popeo v. Liberty Mut. Ins. Co., 369 Mass. 781, 786 (1976), or appropriate proof of the claim beyond the mere “unverified declaration of the party in interest” which would permit the insurer to make a reasonable assessment of its liabilities and the rights of the claimant. Fitchburg Sav. Bank v. Massachusetts Bonding & Ins. Co., 274 Mass. 135, 152 (1931). Section 34M in fact specifically mandates that
[c]laims for benefits due under the provision of personal injury protection ... shall include a written description of the nature and extent of injuries sustained, treatment received and contemplated and such other information as may assist in determining the amount due and payable.
A determination that an insurer’s thirty day payment obligation applies only to PIP benefits which have become “due and payable” upon some reasonable substantiation of the claim is consistent with that portion of Section 34M which requires that the injured person
shall submit to a physical examination by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other information to assist in determining the amounts due.
The plaintiff’s contention that an insurer is obligated to pay medical bills before the completion and report of an IME so authorized by statute would effectively nullify this provision of Section 34M in contravention of established canons of statutory construction. Ben Elfman & Sons, Inc. v. Homes Indemnity Co., 411 Mass. 13, 18 (1991); Manning v. Boston Redevelop. Auth., 400 Mass. 444, 453 (1987). Moreover, compliance with a statutory or contractual provision for an examination, *66 where the insurer’s request is reasonable, is ordinarily “strictly construed as a condition precedent to the insurer’s liability.” Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333, 337 (1995) (interpreting analogous section of statutory form of fire insurance policies requiring an examination under oath). Clearly, an insurer would not be required to make payment of PIP claims before a condition precedent to its liability was satisfied.
The plaintiff contends that the function of the no-fault insurance law, to provide a prompt, expeditious and inexpensive means of reimbursing injured parties for their out-of-pocket expenses, Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 198 (1981), would be defeated if insurance companies were not compelled to pay all medical bills within thirty days of their submission. We disagree. The insurer remains obligated to make full PIP payments within thirty days of receipt of medical reports, hospital or treatment records, IME findings or other proof of a claim which could objectively be considered “reasonable,” and which in most cases can be promptly submitted by the claimant. Delay or demand beyond that point automatically exposes the insurer to increased liability in the form of litigation costs, interest and attorney’s fees under Section 34M and possibly to punitive damages under G.L.c. 93A and c. 176D. Moreover, an adoption of the plaintiff’s construction of G.L.c. 90, §34M would unavoidably increase insurance costs by forcing the insurer either to litigate every PIP claim, or to make automatic payment of every medical bill submitted, irrespective of the reasonableness and necessity of treatment, the causal relationship of the alleged injuries to the motor vehicle accident, or even the fraud of the claimant. Such a construction would be antithetical to the Legislature’s intent in enacting G.L.c. 90, §34M “to reduce the number of small claim tort cases being entered in the courts ... and to address the high costs of motor vehicle insurance in the Commonwealth.” Creswell v. Medical West Comm. Health Plan Inc., 419 Mass. 327, 328 (1995).
It is clear, therefore, in the present case that at the time of the plaintiff’s commencement of suit, the PIP benefits she claimed were not yet “due and payable.” Apart from the single Cambridge Hospital bill for the emergeficy room examination of the plaintiff on the date of the accident, which the defendant paid within twenty-four hours of receipt, there was nothing in the remaining Cambridge Hospital or Khalsa bills which reasonably indicated the necessity of the medical expenses in question, or a causal link between the same and the accident. More significantly, the defendant had promptly and reasonably requested an IME just prior to the filing of the plaintiff’s complaint. In short, the plaintiff did not have a §34M cause of action at the time this suit was brought.
2. It is elementary that an action at law may not be maintained if, at the time of its commencement, the plaintiff does not have a right of action, or a complete cause thereof. Webster Thomas Co. v. Commonwealth, 336 Mass. 130, 137 (1957). “Actual injury and not anticipated injury is the ground of legal recovery.” Whitney v. Whitney, 316 Mass. 367, 368 (1944). As the plaintiff could not establish that, at the time of the filing of her suit, the defendant had violated G.L.c. 90, §34M by failing to make timely payment of PIP benefits which had been “due and payable” for more than thirty days, the plaintiff’s action was premature. The defendant was thus entitled to a judgment in its favor as a matter of law. See, generally, Bieard v. I.J. Fox, Inc., 321 Mass. 751 (1947); Ward v. Doucette, 1 Mass. App. Ct. 842 (1973).[5]
Further, in the absence of an amendment of a complaint, events occurring after the filing of suit neither validate a premature action, nor afford a plaintiff a right to recover damages related to such events. See Watson v. Berman, 302 Mass. 305, *67 307-308 (1939); Jones & Polson, Inc. v. O’Toole, 293 Mass. 399 (1936); Judkins v. Tuller, 277 Mass. 247, 250 (1931); Cobb v. Library Bureau, 260 Mass. 7, 14 (1927); Denuedo v. Caponigro, supra at 367. The plaintiff never amended her complaint in this case to include a claim for any failure by the defendant to make timely payment of PIP benefits which became due and payable subsequent to the commencement of this action.[6] Accordingly, the plaintiff had no right to a statutory recovery in this case for any violation by the defendant of its G.L.C. 90, §34M payment obligation which occurred after this suit was filed.
The trial court’s judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

This suit was consolidated for trial with the plaintiffs separate and subsequently filed tort action against Williams. The trial court entered judgment in the latter case for the plaintiff, and assessed damages in the amount of $6,000.00. The defendant has not appealed. .

Four of the remaining five Cambridge Hospital bills, totalling $333.13, simply indicated that they were for a “clinic” on January 15, February 24, March 3 and March 24,1993. The last Cambridge Hospital bill for $292.33 covered unspecified emergency room services on April 7, 1993 and unexplained pharmacy charges. The Khalsa invoice of $120.00 referenced a May 28,1993 examination and June 1, 1993 treatment.

The last figure represented a $213.00 overpayment to the plaintiff for New England Medical Center bills. The amount designated for Cambridge Hospital left a balance remaining of $292.33. The Khalsa payment covered treatment on six dates; namely May 29, June 1, June 4, July 26, September 3 and September 13, 1993.

“No one ought to be put to the expense of the costs and the defense of an action at law unfounded when instituted. A [party] is entitled to an opportunity to settle at its maturity an obligation that is due before being mulcted by a lawsuit.” Denuccio v. Caponigro, 259 Mass. 365, 367 (1927).

The plaintiff failed in the trial court and in oral argument before this Division to specify the amount of PIP benefits which she claims remain unpaid by the defendant. The record indicates that any outstanding balance relates to benefit payments which were not yet due at the time this suit was filed, and which appear to total less than three hundred ($300.00) dollars.