Sherman, RJ.
This is a G.L.c. 90, §34M action to recover $11.00 in Personal Injury Protection (“PIP”) benefits allegedly owed by defendant Metropolitan Property and Casualty Insurance Company (“Metropolitan”) to its insured, plaintiff Ying Nhem (“Nhem”). After trial, judgment was entered for Metropolitan, and Nhem filed this Dist./Mun. Cts. RAD.A, Rule 8C appeal.
The record indicates that Nhem was injured in a motor vehicle accident on September 29, 1993, and was treated by chiropractor George F. Donahue for five months thereafter. On May 9, 1994, Metropolitan received Nhem’s PIP benefits application, together with the treatment record, report and chiropractic bills of Dr. Donahue. The total amount of the bills was $2,415.00, which included a $60.00 charge for an “exit examination” performed on February 28,1994.
Metropolitan promptly conducted a “fee review” of the chiropractic bills, and paid $2,404.00 to Dr. Donahue on May 16,1994, seven days after receipt of Nhem’s PIP application. The $2,404.00 amount represented full payment for all treatment through February 14,1994, and partial payment ($49.00) of the $60.00 bill for the *85 exit examination performed on February 28,1994.
Metropolitan thereafter sent numerous letters to plaintiffs counsel explaining PIP benefits paid and, particularly, the $49.00 partial payment for the exit examination. On May 17,1994, Metropolitan forwarded an ‘‘Explanation of Benefits” form to Nhem’s attorney which indicated that Dr. Donahue’s $60.00 “charge exceed[ed] the reasonable amount for the procedure in the region where the service was provided.” On June 23,1994, Metropolitan sent additional correspondence to Nhem’s attorney which stated that if either he or Dr. Donahue disagreed with the benefits as explained, he could submit additional documentation demonstrating the reasonableness of Donahue’s $60.00 bill. Neither Nhem’s attorney, nor Dr. Donahue, responded to Metropolitan’s letter. Finally, on June 24, 1994 Metropolitan sent a third letter which explained its fee review process and its statutory obligation to pay only “reasonable expenses,” again requested documentation supporting Donahue’s bill, and assured Nhem’s attorney that such documentation would be reviewed and any required adjustments made. The letter also informed Nhem’s lawyer that Metropolitan would defend Nhem “against any action taken by the provider” for the $11.00 balance of Donahue’s last bill.[1] Nhem’s lawyer responded by filing this action.
The complaint alleged that Metropolitan refused to pay Nhem’s PIP benefits claim for medical expenses in violation of G.L.C. 90, §34M and sought recovery of the $11.00 amount at issue plus costs and attorney’s fees. After trial, the court found that Nhem had failed to establish that Metropolitan refused to pay the plaintiff’s “reasonable” medical expenses, and entered judgment for the defendant.
Nhem now claims on this appeal to be aggrieved by the trial court’s denial of his motion for a “directed verdict”[2] and the denial of his requests for rulings of law *86 numbers 5 and 7.[3] His sole contention on this appeal is that Metropolitan breached its contract of insurance and violated G.L.c. 90, §34M by refusing to pay the full $60.00 charge for the exit examination without first having submitted the bill and underlying medical records to a licensed chiropractor for a “medical review.” The plaintiff’s argument is wholly devoid of merit, and the judgment of the trial court is hereby affirmed.
1. Nhem’s argument is predicated on a misreading of that portion of G.L.c. 90, §34M which provides:
ÍNlo insurer shall refuse to pay a bill for medical services submitted by a practitioner registered or licensed under the provisions of chapter [112], if such refusal is based solely on a medical review of the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of chapter [112] as the practitioner who submits the bill for medical services ... [emphasis supplied].
The language of the statute is clear and unambiguous and must be given its ordinary meaning. Elm Shank & Heel Co. v. Comm., 401 Mass. 474, 477 (1988). Brito v. Liberty Mut. Ins. Co., 1996 Mass. App. Div. 63, 65. The provision unequivocally requires an insurer to submit a bill for a “medical review” or a peer review by another licensed medical practitioner only when the insurer has refused to pay such bill and the refusal is “based solely on the results of a medical review conducted by the insurer. Contrary to Nhem’s almost specious contention, the statute in no way requires a medical review of every bill which an insurer refuses to pay or, as in the instant case, of every bill for which the insurer makes only a partial payment of the reasonable amount thereof. Nhem’s erroneous interpretation of the statute would reduce the clause “if such refusal is based solely on a medical review of the bill” to mere surplusage in violation of all canons of statutory construction.
It is clear from the record on this appeal that the $60.00 exit examination bill was never submitted for a “medical review” conducted or requested by Metropolitan to determine the medical necessity of the service provided. It is equally clear *87 that Metropolitan’s partial payment was not “based solely on a medical review” of such bill. The provision of Section 34M relied upon by Nhem herein was thus patently irrelevant, and the trial judge properly ruled in response to Nhem’s request number 5 that the partial payment of Dr. Donahue’s final bill did not require a medical review by a licensed chiropractor.
2. The review of Donahue’s bills actually undertaken by Metropolitan was not a “medical review” of the necessity of the chiropractic services rendered, but merely a “fee review” of the reasonableness of the amounts charged by Donahue for such services. Metropolitan utilized a standard Provider Bill Audit System (PBA) in determining the reasonableness of Donahue’s fees,[4] and an insurer’s proper use of such internal system for calculating reasonable expenses or charges has been recognized. Boston v. John Hancock Mut. Life Ins. Co., 35 Mass. App. Ct. 318, 320 (1993). Contrary to Nhem’s arguments on this appeal, an insurer is not statutorily obligated to make automatic payment of the full amount of all PIP claims irrespective of the reasonableness of the amounts charged for medical services. See Brito v. Liberty Mut. Ins. Co., supra at 66. Pursuant to G.L.c. 90, §34A, an insurer is required to pay PIP benefits for only the “reasonable expenses incurred... for necessary medical... services [emphasis supplied] .’’The limitation of reasonableness is consistent with the Legislature’s purpose in enacting the Massachusetts No-Fault Insurance scheme “to address the high costs of motor vehicle insurance in the Commonwealth.” Creswell v. Medical West Community Health Plan, Inc., 419 Mass. 327, 328 (1995), quoting from Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 198 (1981).
There was no error in the court’s denial of Nhem’s motion for a “directed verdict” A finding in Nhem’s favor would have been required as a matter of law only if no evidence was introduced at trial to warrant or permit a finding for Metropolitan. We conclude from our review of the record that there was sufficient evidence to support the court’s finding that Metropolitan’s partial payment of Donahue’s exit examination bill was not tantamount to a “refusal” to pay Nhem’s “reasonable” medical expenses in violation of G.L.C. 90, §34M.
The trial court’s judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 No suit was ever filed by Dr. Donahue against Nhem to recover the $11.00 at issue in this case. Nor could Donahue recall at trial even sending a bill or demand to Nhem or his lawyer for the $11.00. Both parties concurred at oral argument that any action by Donahue to collect the $11.00 was improbable.
Plaintiff Nhem is a Cambodian immigrant who speaks no English. His course of treatment following the September 99, 1993 motor vehicle accident was his third with Dr. Donahue. Nhem had been treated twice before by Donahue for injuries sustained in two previous motor vehicle accidents.
Nhem retained his lawyer on a contingent fee basis to handle the motor vehicle tort action arising from the 1993 accident. Nothing in the record indicates that Nhem was ever informed by his attorney of Metropolitan’s June 24, 1994 letter regarding PIP payments and its agreement to hold Nhem harmless from any claim made by Dr. Donahue for the $11.00 amount at issue. Serious questions arise as to whether Nhem ever requested his lawyer to file this lawsuit which sought recovery not only of the $11.00 amount, the collection of which Nhem was effectively indemnified against by the defendant, but also costs and attorney’s fees, which were estimated at oral argument in an amount we deem inordinate in the circumstances of this case.

 A motion for a “directed verdict” is a “procedural anomaly” in a District Court non-jury proceeding. Espinola v. Riley’s Liquors, Inc., 1994 Mass. App. Div. 96. When filed by a defendant, the proper terminology for such a motion is one for involuntary dismissal pursuant to Mass. R. Civ. P., Rule 41(b) (2). Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n.3 (1984); Moynihan-North Reading Lumber Co. v. Burke, 1996 Mass. App. Div. 143, 145 n. 5. A plaintiff’s motion for a finding in his favor as a matter of law is one for a required finding, although the better practice is for a plaintiff to seek a ruling as to the sufficiency of the evidence by filing a Mass. R. Civ. R, Rule 64A(b) request for ruling of law.

 Nhem’s requests for rulings numbers 5 and 7 stated:
“5. With respect to PIP benefits, no insurer shall refuse to pay a bill for medical services submitted by a licensed chiropractor if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill unless the insurer has submitted for medical review such bill or claim to at least one licensed chiropractor. G.L.c. 90, Section 34M.”
“Allowed. However, I find that the partial payment of Dr. Donahue’s final bill did not require a medical review by a licensed chiropractor.
“7. An insurer is obliged under General Laws Chapter 90, Section 34M to notify the person claiming PIP benefits (or his/her counsel) in writing of all grounds upon which it is basing a denial of medical bills submitted to it. Such grounds that the insurer does not state in writing are waived. G.L.c. 90, Section 34M.”
“Allowed as to the first sentence of Request No. 7. Denied as to the last sentence of Request No. 7 because the statute does not contain this language.”
Nhem also charges error in the trial court’s denial of his motion for summary judgment. It is settled, however, that no appeal lies from the denial of a motion for summary judgment after a trial on the merits. Sullivan v. First Mass. Financial Corp., 409 Mass. 783, 790-791 (1991); Sturbridge v. McDowell, 35 Mass. App. Ct. 924, 926 (1993).

 The PBA system statistically analyzes bill amounts or charges for reasonableness by considering the geographic area of treatment as well as numerous other factors, including the level of skill required to administer the services. The computer program generates an advisory figure which is then used by the claim representative to calculate a reasonable reimbursement figure based on the individual adjuster’s experience, training and skill in conjunction with any additional information a medical provider may submit after the review has been completed.