Coven, J.
This is a G.L.c. 90, §34M action in contract to recover Personal Injury Protection (“PIP”) benefits from the defendant-insurer. The trial court entered summary judgment for the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. RADA, Rule 8C.
On December 2, 1994, the plaintiff was injured while driving a motor vehicle insured by the defendant The plaintiff submitted a completed application for PIP benefits to the defendant on or about March 6,1995. On January 15, 1996 and again on March 26,1996, the plaintiff mailed separate requests for payment of certain medical bills. Those requests were received by the defendant on January 18,1996 and March 29, 1996, respectively. On May 16, 1996, the defendant forwarded a check in the amount of $720.00 to the plaintiff. Believing incorrectly that all’of the plaintiff’s PIP claims were paid, the defendant closed its file.
On June 21,1996, the plaintiff commenced this action in contract pursuant to G.L.c. 90, §34M to recover unpaid PIP benefits, interest, nominal damages, attorney’s fees and costs. Service of process was made on July 3,1996, and the defendant filed its answer on July 16,1996.
On July 23, 1996, the defendant sent a check to the plaintiff for $1,573.00, the amount of the unpaid PIP benefits. The defendant thereafter filed a motion for summary judgment on the grounds that the plaintiff could not prove an essential element of her §34M cause of action; namely, that she was an “unpaid party” entitled to recover a judgment for PIP benefits which remained due and payable by the defendant[2] The *133 plaintiff filed a cross-motion for summary judgment. The court denied the plaintiffs motion and entered summary judgment for the defendant
There is no issue in this case as to the medical necessity of the treatment received by the plaintiff or of the reasonableness of the bills she submitted to the defendant for the same. It is also undisputed that the PIP benefits to which the plaintiff was entitled were not paid within the statutorily prescribed thirty day period, and that the sole reason for such non-payment by the defendant was the inadvertence of one of its employees rather than any need for investigation or additional documentation. It is clear, therefore, that the plaintiff had a valid, actionable §34M claim against the defendant for unpaid PIP benefits at the time she commenced this action.[3]
We are thus presented with the issue not reached in our decision in Velasquez v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 85; namely, whether judgment may be entered for a plaintiff on a G.L.c. 90, §34M complaint which seeks interest, attorney’s fees and costs when the PIP benefits which were due and payable at the time the action was commenced are paid by the insurer prior to any request for judgment. We answer this question in the affirmative, and hereby reverse the summary judgment of the trial court.[4]
Section 34M of G.L.C. 90 was designed to provide not only the “greatest coverage for the insured ... the true benefit of his or her bargain,” Creswell v. Medical West Commun. Health Plan, Inc., 419 Mass. 327, 332 (1995), but also a quick, expeditious and inexpensive method of obtaining insurance reimbursement for immediate out-of-pocket expenses. Flanagan v. Liberty Mut. Ins. Co., 383 Mass. 195, 200 (1981). The statute envisions that PIP benefits will be promptly paid within thirty days upon the simple submission of a valid claim and necessary documentation, and that the insured will not be subjected to the time, expense and complexity of a lawsuit to obtain the benefits to which he or she is statutorily and contractually entitled. It is equally clear from that portion of §34M which affords an insured a right of action in contract for unpaid benefits and a right to recover attorney’s fees and costs in such action that the Legislature intended the insurer to bear the expenses of any litigation which the insured is compelled to commence to recover benefits which the insured has wrongfully, even if mistakenly, withheld. To permit an insurer to pay PIP benefits after an action has been filed but before judgment is requested, with no liability for attorney’s fees and costs, would allow the insurer to evade a sanction unequivocally intended and imposed by the Legislature. A statute cannot be construed so as to render its provisions of so little practical effect. Champigny v. Commonwealth, 422 Mass. 249, 251 (1996).
The defendant nevertheless contends that attorney’s fees and costs can be awarded in a §34M action only if the insured obtains a judgment for damages, and that the defendant’s payment of the plaintiff’s remaining $1,573.00 in outstanding medical bills discharged the only claim for which damages could have been assessed. It is established, however, that interest may be awarded as an element of damages for the period of time in which money is wrongfully withheld from a plaintiff. Clegg v. Butler, 424 Mass. 413, 425 (1997); Sterilite Corp. v. Continental Casualty Co., 397 Mass. 837, 841 (1986). In Clegg, the parties entered into a pretrial settlement agreement, and the plaintiff thereafter sought punitive damages pursuant to G.L.c. 93A The Court ruled that a settlement made prior to trial was not a judgment for traditional damages which would support the imposition of mul *134 tiple or punitive damages, but that interest was an appropriate measure of damages for the unlawful detention of the plaintiffs funds prior to settlement. Clegg v. Butler, supra at 425. In the instant case, the plaintiff should be compensated at a minimum for the loss of the use of the PIP benefits from February 18, 1996, thirty days after the bills were received by the defendant, to July 23, 1996, the date of the defendant’s payment of all outstanding medical bills.[5] Thus while damages for unpaid PIP benefits could not have been assessed by the court after July 23,1996, a judgment for damages in the amount of interest on the withheld funds should have been ordered.[6]
Accordingly, the trial court's summary judgment for the defendant is hereby reversed and vacated. This case is returned to the trial court for an assessment of damages, costs and attorney’s fees consistent with this opinion and with the prevailing law on the determination of such fees and costs. See In the Matter of Fordham, 423 Mass. 481, 485 et seq. (1996). Judgment in the amount of such assessment is then to be entered for the plaintiff.
So ordered.

 Section 34M of G.L.C. 90 provides, in relevant part: “Personal injury protection benefits ... shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred ... In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer... and shall thereafter have a right to commence an action in contract for payment of amounts therein determined to be due ... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.”

 This case is, therefore, fundamentally different from the situation in Brito v. Liberty Mutual Ins. Co., 1996 Mass. App. Div. 63, where PIP benefits were not yet “due and payable” at the time the action was instituted. Id. at 65.

 Interest, costs and attorney’s fees were denied in Velasquez because they were not sought in the complaint and judgment was entered after a default. As noted, the complaint in this case specifically requests interest, costs and attorney’s fees.

 The defendant may also be entitled to interest pursuant to G.L.c. 231, §6C as this action is based on the contractual obligations of the parties. Perkins School for the Blind v. Rate Setting Commission, 383 Mass. 825, 835-836. (1981).

 In view of our decision that the plaintiff should have been awarded damages in the nature of interest on the funds wrongfully withheld, we need not address the issue of whether there could have been a judgment for nominal damages in this action. Nominal damages are awarded in an action for breach of contract where there are no actual damages. St. Charles v. Kender, 38 Mass. App. Ct. 155, 161 (1995); International Brotherhood of Police Officers, Local 422 v. Memorial Press, Inc., 31 Mass. App. Ct. 138, 143 (1991).