Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by the defendant-insurer of the entry of summary judgment for the plaintiff on her G.L.c. 90, §34M claim for Personal Injury Protection (“PIP”) benefits.
The record indicates that on March 14, 1997, plaintiff Marta Bohorquez was struck by a car as she crossed the street in the crosswalk at the intersection of Harvard Street and Commonwealth Avenue in Allston. She sustained serious injuries which included a fractured left elbow and a permanent partial loss of function in her left arm. The driver of the car stopped, exited the vehicle, quickly checked on the plaintiff and then drove away without identifying himself. The plaintiff could later describe him only as thin and male. A witness wrote down the license plate number of the car which had hit the plaintiff and gave the number to her at the scene. The identity of that witness was never learned.
A check of Registry of Motor Vehicle records revealed that the car which struck the plaintiff was owned by one George Thompson and insured with defendant Metropolitan Property & Casualty Insurance Co. (“Metropolitan”). On April 10, 1997, the plaintiff submitted a PIP claim to Metropolitan, and the insurer immediately began an investigation. Four months later, on August 15, 1997, the plaintiff forwarded $17,197.00 in medical bills and records to the defendant. On October 13, 1997, Metropolitan denied the plaintiffs PIP claim on the grounds that its insured, George Thompson, had denied any involvement in the hit and run injury to the plaintiff; and that after canvassing the accident area, Metropolitan was unable to locate any witness to the incident. The plaintiff commenced this action on October 24,1997.
In December of 1998, the plaintiff served deposition subpoenas upon George Thompson, his wife Marjorie, and their son, Jason. Apparently prompted by the threat of being deposed, George Thompson finally came forward on December 31, 1998 and informed Metropolitan that he and his family had lied in their statements to the insurer, and that his son Jason was in fact the driver of the car which struck the plaintiff. On the same day, Metropolitan issued a check payable to the plaintiff in the maximum PIP benefit amount of $8,000.00.
The plaintiff was able to learn through discovery that well prior to her commencement of this suit, Metropolitan’s own investigation had resulted in the collection of patently conflicting statements by all three Thompsons. On August 11, 1997, Jason Thompson had admitted in a telephone interview with a Metropolitan investigator that on March 14,1997, the date of the plaintiffs accident, he had in fact driven his father’s car to work at a location not far from the accident site, and *227 that he was involved in an automobile accident. Jason claimed, however, that his accident occurred on North Harvard Street, that he exchanged papers with the other driver, and that he told his mother later that day that he had been in an accident with his father’s car. Jason’s mother, Marjorie, had previously informed a Metropolitan representative in a May 2,1997 interview that only she and her husband had driven the car on March 14, 1997, and that her husband had been in a car accident earlier that day with someone other than the plaintiff. Marjorie also claimed that the damage to the car resulted from vandalism which occurred in a mall parking lot while she was inside shopping during the evening hours of March 14,1997. The Thompsons in fact filed an insurance claim with Metropolitan for the damaged windshield.
The record is devoid of any evidence that Metropolitan ever investigated or attempted to verify George Thompson’s alleged accident with another driver on March 14,1997, Jason Thompson’s alleged accident with still a different driver in the same car on the same day, or even Marjorie Thompson’s claim of vandalism to the same car on the same date. Further, there is no indication that Metropolitan even conducted second interviews with any of the Thompsons to resolve the glaring contradictions in their stories. Metropolitan instead accepted their conflicting statements at face value, and denied the plaintiff’s statutory claim.
1. One month after the Thompson confession and Metropolitan’s payment of full PIP benefits to the plaintiff, Metropolitan filed a motion for summary judgment.[1] The sole issue presented by that motion and the plaintiffs subsequent cross-motion was whether PIP payments had remained due and payable for more than thirty days prior to the October 14,1997 filing of this action so as to have entitled the plaintiff to recover costs and attorney’s fees pursuant to G.L.c. 90, §34M. The statute provides, in relevant part:
Personal injury protection benefits and benefits due from an insurer... shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred.... In any case where benefits due and payable remain unpaid for more than thirty days, any unpaid party ... shall... have a right to commence an action in contract. ... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.
Metropolitan argues that PIP benefits never remained unpaid for thirty days because it made full payment of the plaintiffs claim on the same date the benefits became due and payable; namely, December 31, 1998, when Metropolitan received unimpeachable proof, in the form of the Thompson confession, that the plaintiffs injuries were caused by its insured. In denying Metropolitan’s summary *228 judgment motion, the court ruled:
The defendant, however, should have recognized the remarkable coincidence of the Thompsons’ multiple other accidents on March 14,1997, and the inconsistencies in the stories of the family members and either paid the plaintiffs claim or conducted a more through investigation, which would have exposed the Thompsons’ lies. The shoddiness of the defendant’s investigation is comparable to the insurer’s sloppy record keeping in Fascione v. CNA Ins. Co.... I therefore find that the PIP benefits were due within thirty days of August 15,1997, when the plaintiff submitted all of her medical bills.
The court entered summary judgment for the plaintiff in the amount of interest on the PIP benefits which remained unpaid from August 15, 1997 to December 31, 1998, plus reasonable attorney’s fees and costs. See Fascione v. CNA Ins. Cos., 1997 Mass. App. Div. 132, 133-134.
There was no error.
2. On the undisputed material facts of this case, the question of when there was reasonable proof of the plaintiffs loss so as to have rendered PIP benefits due and payable under G.L.c. 90, §34M was one of law for the motion judge. See generally Lexington v. Bedford, 378 Mass. 562, 566 (1979). See also Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 632 (1992).
Metropolitan argues that in filing only the identification by an unknown witness of Thompson’s license plate number, the plaintiff failed to submit reasonable proof of loss before August 15,1997. Metropolitan relies on our statement in Brito v. Liberty Mut. Ins. Co., 1996 Mass. App. Div. 63, that reasonable proof of loss under §34M requires “some form of ‘independent evidence’... or appropriate proof of the claim beyond the mere ‘unqualified declaration of the party in interest’ which would permit the insurer to make a reasonable assessment of its liabilities and the rights of the claimant.” Id. at 65. At issue in Brito, however, were the necessity and reasonable amounts of the medical bills submitted, “independent evidence” of which is readily available to every PIP claimant in the form of the routine records and reports of hospitals and other health providers.[2] In this case, the issue was the identity of a hit and run driver and, secondarily, of the insurance company holding the policy on his vehicle. The plaintiff submitted the only proof often available to the victim in this type of case; namely, the information provided by an eyewitness.
The plaintiff was obligated under §34M to provide reasonable, not irrefutable, proof of loss. Thompson’s license plate number, together with the date, time and place of the hit and run incident and a statement of the plaintiffs injuries was a proof of loss sufficient at least to “enable [Metropolitan] to make an investigation in order to determine its rights and liabilities.” Washington v. Metropolitan Life Ins. Co., 372 Mass. 714, 718 (1977). A PIP insurer not only is entitled under G.Lc. 90, §34M to investigate a claim before malting payment, but also is obligated to conduct a reasonable investigation before denying any claim of loss under a policy it has issued. See G.Lc. 176D, §3 (9) (d); Jacobs v. Town Clerk of Arlington, 402 Mass. 824, 829 (1988). As noted, Metropolitan began its investigation upon receipt of the plaintiffs April 10,1997 initial claim and apparently, given the dates of the Thompsons’ statements and investigators’ closing reports, concluded its active inquiry by August 15,1997. No rational construction of the no-fault statutory scheme and related insurance laws would permit the conclusion that in determining its statutory liability, Metropolitan was entitled to ignore the results of its own investigation in assessing all evidence relative to the plaintiffs claim.
As of August 15,1997, such evidence included not only the witness identification of *229 Thompson’s license plate number, but also accident damage to the insured vehicle, admissions that the damage occurred on the same date and in the same area as the plaintiffs mishap and patently suspect, contradictory statements by all three Thomp-sons. This evidence, and the reasonable inferences to be drawn from it, constituted proof of the plaintiffs claim. Metropolitan’s argument that it was justified in rejecting that claim based on George Thompson’s repeated denials of culpability assumes that these denials were reasonably credible and that there was no other information upon which to proceed. The contention is thus at odds with the undisputed facts before the motion judge. If Metropolitan remained unsatisfied with the proof of the plaintiffs loss as of August 15, 1997, it could have undertaken additional investigation instead of electing to deny what appeared to be and what was a valid claim.
3. It is unnecessary to address Metropolitan’s remaining contention on this appeal that the plaintiffs acceptance and negotiation of its check constituted an accord and satisfaction. The issue was not argued before the motion judge. See Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Underwriting Assn., 399 Mass. 886, 889 n.9 (1987); Fidelity Mgm. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996). Nor does Metropolitan’s cursory, two-sentence presentation of the issue in its brief “rise to the level of acceptable appellate argument.” Adoption of Kimberly, 414 Mass. 526, 536-537 (1993); Middleborough Gas & Elec. Dept. v. Middleborough, 48 Mass. App. Ct. 427, 434 (2000).
Summary judgment for the plaintiff is affirmed. Appeal dismissed.
So ordered.

 Neither that motion, the plaintiffs cross-motion, nor any of the supporting affidavits, answers to interrogatories and exhibits filed by parties have been included in the record before us. Metropolitan has, in this regard, failed to discharge its duty as appellant of preparing and submitting a complete trial court record containing all matters necessary for review of the issues raised on appeal. Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995); Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68. However, it must be concluded from the transcript of the motion hearing, the judge’s memorandum of decision on the motions and the parties’ arguments on this appeal that the cross motions for summary judgment involved the single issue of whether the plaintiff was entitled to judgment for interest on the unpaid PIP payments and thus to a G.L.c. 90, §34M award of costs and reasonable attorney’s fees.

 Metropolitan has never challenged the medical necessity or reasonable amounts of the medical expenses incurred by the plaintiff herein.