Curtin, J.
This is a G.L.c. 90, §34M action to recover Personal Injury Protection (TIP”) payments for medical treatment provided by the plaintiff. Judgment was entered for the plaintiff, and the defendant-insurer filed this Dist/Mun. Cts. R. A D. A, Rule 8A appeal The sole issue presented, as raised and preserved for review by the defendants Mass. R Civ. R, Rule 64A requests for ridings of law, is whether a §34M independent medical examination of a PIP claimant ordered by an insurer must be conducted by a practitioner licensed under the same section of G.L.c. 112 as the claimants medical provider.
The facts are undisputed, and those found by the trial judge are as follows: On December 12,1995, Holly Robbins (“Robbins”) was involved in a minor automobile accident which caused little or no damage to her vehicle. On the day of the accident, she was treated on a walk-in basis at the Láhey Clinic. Robbins stated that she was “shaken up” and tender, but did not exhibit any injuries to the treating physician at Lahey. Robbins did not seek any medical treatment for her alleged injuries until some ten months later when, on or about September 5,1996, she began to receive chiropractic care at plaintiff Galena Chiropractic Office, Inc. (“Galena”).
After receiving her claim for PEP benefits, defendant Arnica Mutual Insurance Co. (“Arnica”) ordered an independent medical examination of Robbins, which was conducted on November 8,1996 by orthopedic surgeon Dr. Chemack. Dr. Chernack reported to Arnica that Robbins’ examination was completely normal and that he *201 could not “justify the need for ongoing chiropractic care” at that time. Arnica then advised Robbins and her attorney that it would not pay medical bills incurred after the date of Dr. Chernaclc’s November 8,1996 exam. Robbins continued, however, to receive treatment from Galena through July 15,1997, incurring medical bills for the same in the amount of $1,653.00. Arnica reftised to pay those bills on the basis of Dr. Chemack’s findings, and Galena filed this G.L.c. 90, §34M action.
After a bench trial, the court found that “the plaintiff has provided insufficient evidence at trial to establish that further treatment or care was either medically necessary or reasonable after the date of November 8,1996.” Despite this finding, the court rtded that Galena was entitled to judgment in its favor as a matter of law based on the courts conclusion that G.L.c. 90, §34M required that any physical examination of Robbins ordered by Arnica had to have been conducted by a chiropractor. Die court assessed damages in favor of Galena in the amount of $1,653.00, plus $4,250.00 in attorney’s fees.
Galena relies on that portion of G.L.c. 90, §34M which states:
No insurer shall refuse to pay a bill for medical services submitted by a practitioner registered or licensed under the provisions of chapter one hundred and twelve, if such refusal is based solely on a medical review of the bill or of the medical services underlying the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner registered or licensed under the same section of chapter one hundred and twelve as the practitioner who submitted the bill for medical services.
The statutory language is clear and unambiguous, and must be given its ordinary meaning. See generally, Massachusetts Broken Stone Co. v. Weston, 430 Mass. 637, 640 (2000); Brito v. Liberty Mut. Ins. Co., 1996 Mass. App. Div. 63, 65. The language prohibits the insurer from refusing to pay a bill based solely on a medical review of the bill unless that review was conducted by a similarly licensed practitioner. A medical review is merely a submission of bills and medical records to a practitioner without any physical examination of the PIP claimant See Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 86.
However, the instant case did not involve a simple medical records review. Arnica instead requested a physical examination of the claimant which, as noted, was conducted by Dr. Chemack, an orthopedic surgeon. It was Dr. Chemack’s report to Arnica that Robbins no longer suffered from any injury and required no further treatment that resulted in the rejection of Robbins’ §34M claim. Thus as Arnica’s denial of PIP benefits was not based “solely on a medical review of the bill and medical services underlying the bill,” Arnica was not required to have Robbins examined by a chiropractor. The statute does not prevent an insurer from denying payments for medical services where the denial is based upon a physician’s examination of the claimant[1]
Thus the trial court erred in its construction of G.L.c. 90, §34M and in its result *202 ing judgment for Galena. Further, as the court’s decision indicates, Galena failed to sustain its burden of establishing that its treatment of Robbins after November 8,1996 was medically necessary or reasonable. Accordingly, the trial court’s judgment for Galena is reversed, and judgment shall enter for defendant Arnica.
So ordered.

 The legislative history of the statute supports this interpretation. Chipman v. Massachusetts Bay Transp. Auth., 366 Mass. 253, 256 (1974). The G.L.c. 90, §34M language relied upon by Galena was enacted as the St 1989, c. 271 amendment of the no-fault insurance laws. As originally proposed, the 1989 amendment (1989 House Bill No. 2865) provided that “[a]ny Independent Medical Examination or medical claim review requested by an insurer shall be conducted only by a licensed practitioner of the same specialty licensed to practice under the provisions of chapter 112 of the General Law.” The reference to “independent medical examinations” was stricken from the Bill during the course of its progression through the legislative process, and was not included in the final version of Chapter 271 enacted in 1989.