CORRIGAN v MILLER

Docket No. 78-4733. Submitted February 5, 1980, at Grand Rapids.—
Decided March 17, 1980.

Carl Corrigan, Olive TenEyke and Camilla Wehan own a parcel
of land which borders on a parcel owned by Winfield and
Charlotte Miller, who acquired the parcel from Mr. and Mrs.
Roman Wolf. A fence line has run between the parcels since
near the turn of the century, and Corrigan and his father have
been farming their parcel up to the fence line for that entire
time. When the Millers acquired the adjoining parcel in 1973 a
survey was ·made which established the actual boundary be-
tween the parcels to be 22 feet from the old fence line, on the
Corrigan side, and the Millers began to erect a fence and plant
trees. Corrigan, TenEyke and Wehan brought an action for
ejectment against the Millers, and the Wolfs were also named
as defendants. The Kent Circuit Court, John T. Letts, J.,
entered a judgment of no cause of action. The plaintiffs appeal,
alleging that the trial court erred in holding that the doctrine
of acquiescence did not apply to the case because there had
been no prior dispute and settlement between the parties. *Held:*

The doctrine of acquiescence may be applied even where
there has been no actual prior dispute and settlement where
the parties have treated a fence as the boundary between their
property for longer than the 15-year statutory period.

Reversed and remanded.

1. QUIETING TITLE — APPEAL — DE NOVO REVIEW — FINDINGS OF
FACT.

A suit to quiet title is equitable in nature and subject to *de novo*
review, but the Court of Appeals will give great weight to the
findings of fact made by the trial court and will not disturb

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 145.
   5 Am Jur 2d, Appeal and Error § 822.
[2] 12 Am Jur 2d, Boundaries §§ 85-88.
   Adverse possession involving ignorance or mistake as to boundaries-
   modern views. 80 ALR2d 1171.

those findings unless convinced it would have reached a different result had it been in the trial court's position.

2. QUIETING TITLE — BOUNDARIES — ACQUIESCENCE.

It is not necessary that there be evidence of a prior dispute and settlement between the parties to a boundary dispute in order for the doctrine of acquiescence to apply where the parties have treated a fence, not located on the actual boundary, as the boundary between their property for longer than the statutory period of 15 years.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson),* for plaintiffs.

*Russell, Ward & Hodgkins,* for defendants Winfield and Charlotte Miller.

Before: DANHOF, C.J., and R. B. BURNS and MAC-KENZIE, JJ.

R. B. BURNS, J. Plaintiffs appeal from an order of judgment of no cause for action, dismissing their action for ejectment against defendants. The action involves a boundary dispute between the parties, who own adjoining parcels of land in Kent County, and was submitted to the trial court on briefs, testimony contained in a deposition of plaintiff Carl Corrigan, a survey done by William F. DeYoung, and the trial court's personal inspection of the premises.

In his deposition testimony, Carl Corrigan did not dispute that the survey line, approximately 22 feet west of the fence he had assumed was the boundary line between the property, is actually the true line. However, he stated that he and his parents had been farming the property to the fence since he could remember, approximately 70 years, and he had always assumed he owned the disputed property when he farmed it. Lately, he

had been using the strip of property as a pasture but in the past had rotated crops on it. Corrigan stated that the fence had been there when defendants moved onto their property and was in pretty good shape before Mr. Miller tore it down. He did not know when the existing fence was built but testified that three or four fences had been built since the time the property was surveyed. Nor did he know when the property was last surveyed, but he thought the fence was intended to be placed on the boundary line. Corrigan did not know of any deed purporting to give him title to the disputed strip of land or any easements or right-of-way that had been granted regarding the property. He testified that a three-foot depression shown on the survey map was the remains of the old Corrigan home in which he was born in 1909 and which was torn down approximately 58 years ago. Although the land now owned by defendants is rather wild and uncultivated, he remembers when he was approximately 18 years of age that a Mr. Scalleys had farmed the land now owned by the Millers and used the fence as a boundary line between the two parcels.

In November of 1973, the Millers acquired title to their property from Mr. and Mrs. Roman Wolf. A survey done in late 1973 by William F. DeYoung disclosed the actual location of the boundary line between the two parcels and iron stakes were placed thereon. The Millers entered into possession and during the early spring of 1974 placed steel fence posts along the boundary line and proceeded to plant trees and otherwise use the property. They were then advised by Carl Corrigan that that was his land and he claimed the actual boundary line was the fence.

The trial court found that plaintiff could not

show title by either adverse possession or acquiescence and entered judgment for defendants.

The first issue is whether the trial court erred in holding that the doctrine of acquiescence did not apply, because there had been no prior dispute and settlement between the parties regarding the boundary line, even though the parties and their predecessors in title had treated the fence as the boundary between their property for well over the statutory period of 15 years.

While a suit to quiet title is equitable in nature and subject to *de novo* review, this Court gives great weight to the findings of fact made by the trial court and will not disturb those findings unless convinced it would have reached a different result had it been in the lower court's position. *De Hollander v Holwerda Greenhouses,* 45 Mich App 564, 566; 207 NW2d 187 (1973).

Despite the lack of evidence of a prior dispute or agreement between the parties regarding the boundary line, Carl Corrigan's undisputed deposition testimony demonstrates that plaintiffs and their parents, as well as defendants' predecessors in title, the Scalleys, farmed up to each side of the fence as the boundary between their property for well over the statutory period of 15 years. In a similar situation in the case of *Hanlon v Ten Hove,* 235 Mich 227, 230; 209 NW 169, 170 (1926), the Supreme Court held that "[w]here coupled with acquiescence is the further fact that it has continued for the statutory period, such acquiescence for such statutory period fixes the line". In that case, the Court made it clear that evidence of a prior dispute and settlement was not necessary where the line is acquiesced in for longer than the statutory period:

"Where a fence has been treated and acquiesced in as

the correct boundary line between adjacent owners for fifteen years the boundary line ought not to be disturbed even if there were some variance from the true line, and a long established fence is better evidence of actual boundaries settled by practical location than a survey made after the monuments of the original survey have disappeared. And where a boundary line has been recognized and acquiesced in for fifteen years it would not be disturbed by reason of new surveys." *Id.,* 231.

Therefore, since under Michigan law it is not necessary that there be evidence of an actual prior dispute and settlement between the parties where the parties have treated a fence as the boundary between their property for longer than the statutory period of 15 years, the trial court erred in holding that the doctrine of acquiescence was inapplicable. Since the doctrine of acquiescence is applicable, plaintiffs' argument regarding the application of adverse possession need not be reached.

Reversed and remanded to the trial court. Costs to plaintiffs.