McGILL v AUTOMOBILE ASSOCIATION OF MICHIGAN

Docket No. 161583. Submitted April 14, 1994, at Detroit. Decided
November 7, 1994, at 9:30 A.M.

Casseta McGill and others brought an action in the Wayne
Circuit Court against Automobile Association of Michigan and
others, alleging that the plaintiffs, insureds under their respec-
tive policies of automobile no-fault insurance with the defen-
dant automobile insurance carriers, were at risk of being sued
by their health care providers for the balance of their hospitali-
zation and medical treatment expenses resulting from injuries
sustained in automobile accidents. The defendants acknowl-
edged their duty to pay and had paid the health care providers
amounts the defendants determined to be reasonable. However,
the defendants did not pay the total amounts billed by the
health care providers, having determined that some of the
charges were unreasonable. The court, James P. Hathaway, J.,
granted summary disposition for the defendants, finding that
the plaintiffs had suffered no pecuniary injuries. The plaintiffs
appealed from the order of summary disposition and the court's
denial of class certification.

The Court of Appeals *held:*

1. An insurer, pursuant to MCL 500.3107; MSA 24.13107, is
liable only for those medical expenses that constitute a reason-
able charge for a particular product or service. An insurer need
pay no more than a reasonable charge, and, pursuant to MCL
500.3157; MSA 24.13157, a health care provider may not charge
more than a reasonable charge.

2. The plaintiffs are protected doubly from incurring damages
resulting from the defendants' payment of less than the full
amount billed by the health care providers: first, by the defen-
dants' express statement that they will defend and indemnify
the plaintiffs in the event that they are sued by the providers
and, second, by a directive of the Commissioner of Insurance
directing no-fault insurers to provide insureds with complete

REFERENCES

Am Jur 2d, Automoblie Insurance § 359; Declaratory Judgments
§§ 93, 186; Parties § 103.
See ALR Index under No-Fault Insurance.

protection from economic loss for benefits provided under personal protection insurance.

3. Because the plaintiffs have suffered no injury and no injury is threatened, summary disposition was proper.

4. The trial court did not err in denying the request for class certification.

Affirmed.

1. Iɴꜱᴜʀᴀɴᴄᴇ — Nᴏ-Fᴀᴜʟᴛ — Rᴇᴀꜱᴏɴᴀʙʟᴇ Exᴘᴇɴꜱᴇꜱ.

The no-fault act prohibits medical care providers from charging more than a reasonable fee for treatment rendered to an injured person for an accidental bodily injury covered by personal protection insurance; an insurer is liable only for those medical expenses that constitute a reasonable charge for a particular product or service (MCL 500.3107, 500.3157; MSA 24.13107, 24.13157).

2. Jᴜᴅɢᴍᴇɴᴛꜱ — Dᴇᴄʟᴀʀᴀᴛᴏʀʏ Jᴜᴅɢᴍᴇɴᴛꜱ — Aᴄᴛᴜᴀʟ Cᴏɴᴛʀᴏᴠᴇʀꜱʏ.

Circuit courts lack subject-matter jurisdiction to enter a declaratory judgment where no case or actual controversy exists; a case or actual controversy does not exist where the injuries sought to be prevented are hypothetical.

3. Pᴀʀᴛɪᴇꜱ — Cʟᴀꜱꜱ Aᴄᴛɪᴏɴꜱ — Sᴛᴀɴᴅɪɴɢ.

Plaintiffs who cannot maintain their individual causes of action are not qualified to represent a purported class of plaintiffs.

*Vestevich, Mallender, DuBois & Dritsas* (by *William J. Lamping, Philip Vestevich,* and *David M. Gaskin*), for the plaintiffs.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Clair W. Hoehn*), for Automobile Association of Michigan.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Mark C. Smiley*), for Allstate Insurance Company.

*Still, Nemier, Tolari & Landry, P.C.* (by *David B. Landry* and *Michelle E. Mathieu*), for Citizens Insurance Company of America.

*Bodman, Longley & Dahling* (by *James A. Smith*

and *Lisa M. Panourgias*), for State Farm Mutual Automobile Insurance Company.

Before: SHEPHERD, P.J., and TAYLOR and R. D. GOTHAM,* JJ.

TAYLOR, J. Plaintiffs appeal a circuit court order granting defendants' motions for summary disposition on the basis that plaintiffs had suffered no pecuniary injuries. Plaintiffs also appeal the court's denial of class certification. We affirm.

Plaintiffs are insureds under their respective policies of automobile no-fault insurance with the defendant automobile insurance carriers. As a result of separate automobile accidents, plaintiffs incurred hospitalization and medical treatment expenses. Plaintiffs' expenses were clearly of the type to be paid by their carriers. Defendants acknowledged their duty to pay but declined to pay the billed amounts, asserting the amounts billed were unreasonable. Defendants paid to plaintiffs' health care providers amounts that they considered reasonable. Plaintiffs, claiming to be a class, assert that they are at risk of being sued by their health care providers for the balance of their bills as a result of defendants' failure to pay the full amounts billed. However, the health care providers have not sued plaintiffs for the outstanding balance on their bills. Furthermore, defendants repeatedly have made assurances, both in their pleadings and in open court, that they will defend and indemnify plaintiffs if the providers sue, and that they will attempt to protect plaintiffs from bad credit ratings in the event the health care providers pursue collection directly from plaintiffs.

Plaintiffs argued below that defendants wrongfully utilized the worker's compensation payment

* Circuit judge, sitting on the Court of Appeals by assignment.

schedules to determine a reasonable payment. They sought declaratory relief and an injunction precluding defendants from using the worker's compensation payment schedules to establish reasonable medical expenses and requested that the court order defendants to pay the amounts billed.

Plaintiffs' argument that defendants are required to pay the full amount of medical expenses billed is contrary to Michigan law. Section 3107 of the no-fault insurance act, MCL 500.3107; MSA 24.13107, states in pertinent part:

> (1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:
> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.

According to the plain and unambiguous language of § 3107, an insurer is liable only for those medical expenses that constitute a reasonable charge for a particular product or service. *Nasser v Auto Club Ins Ass'n,* 435 Mich 33, 49; 457 NW2d 637 (1990). Unlike the situation in *Nasser* where the insurance carrier refused to pay any medical expenses whatsoever, in this case defendants have paid those parts of plaintiffs' bills they found to be reasonable.

Also, medical care providers are prohibited by law from charging more than a reasonable fee.

> A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge

a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance. [MCL 500.3157; MSA 24.13157.]

When read in harmony, §§ 3107 and 3157 clearly indicate that an insurance carrier need pay no more than a reasonable charge and that a health care provider can charge no more than that. In theory, the insureds could be sued for the difference between what the carrier will pay and what the provider demands, but it is unlikely that the insureds would be liable for those expenses. As the Supreme Court noted in *Nasser:*

> We question, in any event, the Court of Appeals apparent conclusion that if the insurer is not made liable for even unreasonable and unnecessary expenses it will inevitably fall to plaintiff to pay those expenses. To the extent that plaintiff has any liability for these expenses in the event his insurance does not pay, it is presumably contractual. It seems unlikely that plaintiff would have an express agreement with [the doctor] or the hospital to pay unreasonable and unnecessary medical expenses, and equally as unlikely that he would have an implied contractual duty to do so. See 61 Am Jur 2d, Physicians, Surgeons, and Other Healers, § 158, pp 290-291. And, while we need not resolve the issue in this case, it seems unlikely that medical expenses found to be unreasonable or unnecessary in a no-fault action would be found recoverable in a contract action against plaintiff. [*Nasser* at 55-56, n 10.]

Furthermore, defendants have stated expressly that they will defend and indemnify plaintiffs in the event that plaintiffs are sued by their providers for the outstanding balance. Indeed they are directed to do so by a recent Interpretive State-

ment issued by the Commissioner of Insurance.[1] It requires that no-fault insurers

> provide insureds and claimants with complete protection from economic loss for benefits provided under personal protection insurance. Auto insurers must act at all times to assure that the insured or claimant is not exposed to harassment, dunning, disparagement of credit, or lawsuit as a result of a dispute between the health care provider and the insurer. [Michigan Department of Commerce, Insurance Bureau Bulletin 92-03, October 23, 1992.]

Accordingly, plaintiffs are protected, by both the defendants' promise and the directive of the Commissioner of Insurance, from incurring damages as a result of defendants' payment of less than the full amount billed by plaintiffs' health care providers.

Our review of the record reveals no evidence that plaintiffs have suffered injury as a result of defendants' partial payment of their medical bills; nor is any injury threatened. Where no case or actual controversy exists, the circuit court lacks subject-matter jurisdiction to enter a declaratory judgment. *Shavers v Attorney General,* 402 Mich 554, 588; 267 NW2d 72 (1978). A case or actual controversy does not exist where the injuries sought to be prevented are merely hypothetical; there must be an actual injury or loss. *Id.* Therefore, we hold that the trial court properly granted defendants' motions for summary disposition.

It is to be recalled that the public policy of this state is that "the existence of no-fault insurance

---

[1] While the Commissioner of Insurance's Interpretive Statement, Bulletin 92-03, does not have the full force or effect of law, MCL 24.203(6); MSA 3.560(103)(6), we generally give deference to administrative agency interpretations. *DAIIE v Comm'r of Ins,* 119 Mich App 113, 119; 326 NW2d 444 (1982).

shall not increase the cost of health care." *Dean v Auto Club Ins Ass'n,* 139 Mich App 266, 274; 362 NW2d 247 (1984). Indeed, "[t]he no-fault act was as concerned with the rising cost of health care as it was with providing an efficient system of automobile insurance." *Id.* at 273. To that end, the plain and ordinary language of § 3107 requiring no-fault insurance carriers to pay no more than reasonable medical expenses, clearly evinces the Legislature's intent to "place a check on health care providers who have 'no incentive to keep the doctor bill at a minimum.'" *Dean, supra* at 273.

For the above reasons, we reject plaintiffs' argument that, pursuant to the no-fault act, defendants are obligated to pay the entire amount of plaintiffs' medical bills. Such an interpretation would require insurance companies to accept health care providers' unilateral decisions regarding what constitutes reasonable medical expenses, effectively eliminating insurance companies' cost-policing function as contemplated by the no-fault act. This result would directly conflict with the Legislature's purpose in enacting the no-fault system in general and § 3107 in particular. "[I]t is clear that the Legislature did not intend for no-fault insurers to pay all claims submitted without reviewing the claims for lack of coverage, excessiveness, or fraud." *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136, 139; 311 NW2d 317 (1981).

Finally, the trial court did not err in refusing to certify plaintiffs' class. Because plaintiffs cannot maintain their individual causes of action, they are unqualified to represent the purported class. *Tucich v Dearborn Indoor Racquet Club,* 107 Mich App 398, 407; 309 NW2d 615 (1981).

Given our disposition of the legal issue presented with regard to the payment of medical

expenses, we do not address the issue whether worker's compensation payment schedules are the proper standard for determining reasonable charges.

Affirmed.