[Cite as *Wolfe v. Grange Indemn. Ins. Co.*, 2012-Ohio-598.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| TINA WOLFE | : | Sheila G. Farmer, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2010CA00339 |
| | : | |
| | : | |
| GRANGE INDEMNITY INSURANCE | : | O P I N I O N |
| COMPANY, et al., | | |
| | | |
| Defendants-Appellants | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas Case No. 2009-CV-01508 |
| JUDGMENT: | Affirmed In Part and Reversed and Remanded In Part |
| DATE OF JUDGMENT ENTRY: | February 13, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

ALLEN SCHULMAN, JR.
BRIAN L. ZIMMERMAN
Schulman Zimmerman & Associates
236 third Street, S.W.
Canton, Ohio 44702

For Defendants-Appellants

F. JAMES FOLEY
Vorys, Sater, Seymour, and
Pease, LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008

PHILIP DOWNEY
JOHN W. SOLOMON
Vorys, Ster, Seymour, and
Pease, LLP
First National tower
106 South Main Street
Akron, Ohio 44308

*Edwards, J.*

**{¶1}** Appellants, Grange Indemnity Insurance Company and Grange Mutual Casualty Company, (hereinafter "Grange"), appeal a judgment of the Stark County Common Pleas Court certifying a class action. Appellee is Tina Wolfe.

<u>STATEMENT OF FACTS AND CASE</u>

**{¶2}** Appellee was injured in a one-vehicle automobile accident. Her medical payment benefits were provided under an automobile insurance policy issued by Grange which provides in pertinent part:

**{¶3}** "A. We will pay reasonable expenses incurred by the insured for necessary medical and funeral services because of bodily injury: 1) caused by an auto accident; and 2) sustained by an insured.

**{¶4}** "* * *

**{¶5}** "C. 'Reasonable' as used in this part means: expenses that are consistent with the usual charges of the majority of similar medical providers in the geographic area in which the expenses were incurred for the specific medical service.

**{¶6}** "D. 'Necessary' as used in this part means: Services that are rendered by a medical provider within the legally authorized scope of the provider's practice and are recognized within that practice as being appropriate treatment in achieving maximum medical improvement of the bodily injury sustained in the accident.

**{¶7}** "B. We will pay under part B – Medical Payments coverage, the lesser of 1) reasonable expenses incurred by the insured for necessary medical and funeral services because of bodily injury; or 2) an negotiated reduced rate accepted by a medical provider.

{¶8} "Part E – Duties after an accident or loss.  B. A person seeking coverage must: 5. Permit us to obtain outside review of medical treatment to determine if it (sic) reasonable, customary and necessary."

{¶9} After the accident, Grange sent appellee a letter dated January 19, 2009, which stated that "Grange will review all submitted medical bills prior to payment to assure that they are reasonable and necessary as required by the policy contract . . . ." The letter included authorization to allow Grange to obtain appellee's medical records and bills.

{¶10} Grange forwarded appellee's bills to an unaffiliated third party doing business as "Review Works."  Review Works' employees performed a review that involved putting appellee's medical expenses and billing codes into a computer program.  The program reduced the allowed medical bill amounts and printed out a recommendation for payment that was returned to Grange.

{¶11} Grange paid this reduced amount on appellee's bills, and appellee's medical providers billed her for the balance due.  When appellee asked Grange to pay the balance, they sent her a letter dated March 26, 2009, which provided in pertinent part, "[Y]our personal auto policy provides benefits for reasonable and necessary medical expenses incurred because of bodily injury caused by an accident.  We review all medical bills to insure that the treatment and charges meet this criteria.  Our review indicates that not all of the treatment or charges met these requirements. . ."  Grange advised appellee that she was liable for the remaining balance due.

{¶12} Appellee filed a complaint seeking class action status, alleging that Grange engaged in a company-wide policy of systematically underpaying medical

payment coverage claims in violation of its own insurance policies and representations to their insureds;  Grange breached its contract with members of Class 2 and Class 3 by charging them for medical payments coverage that was not provided; Grange breached its contracts with members of Class 2 and Class 3 by failing to make medical payments as required under its contracts of insurance; Grange acted fraudulently, inducing the members of both classes to purchase policies which included medical payment coverage which it did not intend to provide; Grange acted in bad faith in charging the members of both classes for medical coverage it did not provide and did not intend to provide and in failing to properly evaluate and pay medical payment claims presented by members of both classes, and Grange's claims regarding members of both classes render it liable for punitive damages.

{¶13}  The classes were defined by appellee as follows:

{¶14}  "Class 2: All Ohio residents who made medical payment claims under policies of automobile insurance coverage purchased from Grange Mutual Casualty Company on which Grange made a payment that was reduced pursuant to the terms of the medical payments provision of the policy following submission of the Claim to Review Works, an assumed name of LaHousse-Barlett Disability Management, Inc., for which medical payment limits under the applicable policy were not exhausted.

{¶15}  "Class 3: All Ohio residents, from April 1, 2003, who made medical payment claims on policies of automobile insurance coverage purchased from Grange Mutual Casualty Company, on which Grange submitted those claims for review by an unaffiliated third party."

{¶16}  Proposed Narrowed and/or Clarified Class Definitions, October 15, 2010.

{¶17} The trial court certified both Class 2 and Class 3. Grange assigns three errors on appeal:

{¶18} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT PLAINTIFF MET THE TYPICALITY REQUIREMENTS FOR CLASS CERTIFICATION UNDER CIVIL RULE 23(A)(3).

{¶19} "II. THE TRIAL COURT ERRED WHEN IT FOUND THAT PLAINTIFF MET THE INCOMPATIBILITY AND SUBSTANTIAL IMPAIRMENT REQUIREMENTS FOR CLASS CERTIFICATION UNDER CIVIL RULE 23(B)(1).

{¶20} "III. THE TRIAL COURT ERRED WHEN IT FOUND THAT PLAINTIFF MET THE PREDOMINANCE AND SUPERIORITY REQUIREMENTS FOR CLASS CERTIFICATION UNDER CIVIL RULE 23(B)(3)."

{¶21} All three assignments of error pertain to the certification of the class and therefore are reviewed within the same legal framework.

{¶22} An order determining class certification constitutes a final appealable order pursuant to R.C. 2505.02(B)(5). See, e.g., *Blumenthal v. Medina Supply Co.* (2000), 139 Ohio App.3d 283, 743 N.E.2d 923. Civ.R. 23 provides the framework for the prosecution of class actions lawsuits in Ohio courts:

{¶23} "**(A) Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

{¶24} "**(B) Class actions maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

{¶25} "(1) the prosecution of separate actions by or against individual members of the class would create a risk of

{¶26} "(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

{¶27} "(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

{¶28} "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

{¶29} "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

**{¶30}** In order for a case to be certified as a class action, the trial court must make seven affirmative findings as to the requirements of Civ.R. 23. *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091, paragraph one of the syllabus. The following seven requirements must be satisfied: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. *Id.,* citing Civ.R. 23(A) and (B).

**{¶31}** A trial court must carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ. 23 have been satisfied. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442. The Ohio Supreme Court in *Hamilton* suggested, but did not mandate, that trial courts make separate written findings as to each of the seven class action requirements under Civ.R. 23, and specify their reasoning as to each finding. *Id.* at 71, 694 N.E.2d 442. However, a trial court has broad discretion in determining whether a class action may be maintained. *Planned Parenthood Ass'n of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 62, 556 N.E.2d 157. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶32} In interpreting and applying Civ. R. 23, the Ohio Supreme Court has held that because the Ohio Rule is virtually identical to the federal rule governing class actions, federal authority is an appropriate aid to use in interpreting the Ohio rule. *Marks v. C.P. Chemical Co.* (1987), 31 Ohio St. 3d 200, 201.

I

{¶33} Grange first argues that the court erred in finding that appellee fulfilled the typicality requirement of Civ. R. 23(A)(3).

{¶34} Typicality involves consideration of the similarity between proposed class plaintiff's legal and remedial theories and those of the persons he or she purports to represent. *Lightbourn v. County of El Paso, Tex.,* 118 F.3d 421, 426 (5th Cir.1997). The class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co.v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364 (1982). Accordingly, the party seeking to represent the class must be able to prove actual injury to herself, as opposed to other members of the class. *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Although it is not necessary that all class members suffer the same injury as the class representatives, where a purported class representative is subject to a unique defense that cannot be asserted against other members of the class, typicality may be lacking. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir.1992); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2nd Cir.1990).

{¶35} Grange relies on *Ostrof v. State Farm Mut. Auto. Ins. Co.* (D. Md. 2001), 200 F.R.D. 521 in support of its proposition that typicality is lacking in the instant case. In *Ostrof*, the plaintiffs sought class certification of their claim that State Farm had

improperly denied reimbursement for medical bills and lost income under the personal injury protection (PIP) provision of their insurance policies. As Grange did in the instant case, State Farm used computer reviews to check the claimed costs against the usual and customary costs in the area where the service was rendered. The computer flagged any charges above the 85th percentile of charges for the same service in the area where it was rendered and then conditionally reduced the fee to the maximum customary charge. State Farm also used "medical records reviews" consisting of reviews by firms of medical professionals with past experience in the evaluation of personal injury claims, who considered the medical propriety of the treatment to cross-check against the possibility of unnecessary services being provided by medical providers.

{¶36} The plaintiffs in *Orstrof* accused State Farm of deceptive and unfair practices through the PIP review process. They sought to certify a class including all individuals who had PIP and/or medical payments claims reviewed based on the computerized fee review schedules or medical record reviews and who received or were tendered an amount of benefits less than the PIP policy limits and the amount claimed.

{¶37} The *Orstrof* court found that the class lacked typicality:

{¶38} "The Court has already referred to proposed Class Plaintiff Ostrof's situation. He, it appears, is either not a member of the proposed class or may be subject to a unique defense. It is uncontested that he has never had to pay his health care providers the amounts that were denied him. No suits for the fees are pending against him nor, apparently, are any such suits imminent. *See McGill v. State. Farm Mut. Auto.*

*Ins. Co.,* 207 Mich.App. 402, 526 N.W.2d 12, 14 (1994)(finding proposed class plaintiff's claims atypical: "[There is] no evidence that Plaintiffs have suffered injury as a result of Defendants' partial payment of their medical bills; nor is any injury threatened.")

**{¶39}** "Defenses unique to Plaintiff Corbitt have also been noted. Since she was involved in two automobile accidents only eight days apart, she would need to prove which accident or incident gave rise to what quantum of injury. Furthermore, at least colorably, it appears that she may have submitted duplicate bills to State Farm asking for payment for a single treatment rendered in consequence of the two accidents and possibly collected twice for the same lost wages. Additionally, since her PIP claim was submitted under her father's insurance policy, it is clear that she could not assert a breach of contract claim nor could she have been the victim of any fraudulent misrepresentation regarding the extent of State Farm's PIP coverage." Id. at 529.

**{¶40}** The trial court in the instant case distinguished *Orstrof*:

**{¶41}** "However, the *Ostrof* case appears distinguishable from the case subjudice (sic). While denying certification, the *Ostrof* court was concerned as to the numerous individual inquires which would be required in the lawsuit, including: 1) 'whether the individual claim incurred 'additional losses and damages in pursuit of personal injury protection provision damages; and 2) whether the individual claim had suffered 'consequential damages' due to 'emotional stress', 'concern and worry'. However, the Court does not see these types of obstructions in the case here. The Court is more convinced that the facts alleged by Wolfe and established thus far through depositions meets the requirements set forth under 23(A) for numerosity,

questions of law or fact common to the class, and the claims or defense are typical of the class." Judgment Entry, November 17, 2010.

{¶42} We find that the trial court did not abuse its discretion in finding appellee's claims were typical of Class 2. Unlike *Orstrof*, it does not appear that she is subject to a unique claim or defense that makes her claim atypical of those of other persons who had their claims reduced following submission of their claim to Review Works. However, we do find an abuse of discretion in finding appellee's claim met the typicality requirement as to Class 3. Class 3 includes anyone who made a medical claim pursuant to a Grange automobile insurance policy on which Grange submitted those claims for review by an unaffiliated third party. This class by definition will include people who have not suffered the damage suffered by Wolfe – or any damage at all - because their claims were not reduced by the review process.

{¶43} The first assignment of error is overruled as to Class 2 but sustained as to Class 3.

II

{¶44} Grange next argues that the court erred in finding that appellee met the incompatibility and substantial impairment requirements pursuant to Civ. R. 23(B)(1):

{¶45} "**(B) Class actions maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

{¶46} "(1) the prosecution of separate actions by or against individual members of the class would create a risk of

**{¶47}** "(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

**{¶48}** "(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. . ."

**{¶49}** Because we have found that the court erred in finding appellee met the typicality requirement as to Class 3, this assignment of error is moot as to Class 3 and will be addressed only as to Class 2.

**{¶50}** Pursuant to Civ. R. 23(B)(1)(a), certification is permissible if separate actions could lead to incompatible standards of conduct. *Warner v. Waste Mgmt., Inc.* (1988), 36 Ohio St.3d 91, 95, 521 N.E.2d 1091. In the instant case, the court did not abuse its discretion in finding that separate actions could lead to incompatible standards of conduct. At issue is the propriety of the referral of medical claims to Review Works where they are allegedly run through a standardized computer program. Appellee's action alleges breach of contract, fraud and bad faith in the manner in which medical payments claims are reviewed by Grange. Separate actions risk different triers of fact finding that all of the procedures employed by Grange were improper, some part of the procedure was improper but another part was not, or all of the review procedures were permissible under the contract the insured entered into with Grange. Such varying results could lead to incompatible standards of conduct for Grange to use in the method in which review procedures are undertaken.

**{¶51}** Because the findings in subsection (B) are in the disjunctive, the court need only find one in order to certify the class. *Warner*, supra. Because we have found no abuse of discretion the court's finding under subsection (B)(1)(a), we need not reach the issue of whether the court erred in finding certification proper under Civ. R. 23(B)(1)(b).

**{¶52}** The second assignment of error is overruled.

III

**{¶53}** In the final assignment of error, Grange argues that the court erred in finding certification proper under Civ. R. 23(B)(3). The trial court did not specifically refer to Civ. R. 23(B)(3), but in the court's opinion, the court does cite to the language of Civ. R. 23(B)(3), which provides in pertinent part:

**{¶54}** "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

**{¶55}** "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

**{¶56}** Because we have found that the court erred in finding appellee met the typicality requirement as to Class 3, this assignment of error is moot as to Class 3 and will be addressed only as to Class 2.

**{¶57}** The Ohio Supreme Court has found that cases involving a common scheme or standardized practice are particularly suited for certification under Civ. R. 23(B)(3) because the common issues predominate over those affecting individual members:

**{¶58}** "It is now well established that 'a claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.' *Lockwood Motors, Inc. v. Gen. Motors Corp.* (D.Minn.1995), 162 F.R.D. 569, 580.

**{¶59}** "As explained in the 1966 Advisory Committee Notes to Fed.R.Civ.P. 23(b)(3):

**{¶60}** "'Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. * * *

**{¶61}** "'The court is required to find, as a condition of holding that a class action may be maintained under this subdivision, that the questions common to the class predominate over the questions affecting individual members. It is only where this predominance exists that economies can be achieved by means of the class-action device. In this view, a fraud perpetrated on numerous persons by the use of *similar*

*misrepresentations* may be an appealing situation for a class action. * * * On the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was *material variation in the representations made or in the kinds or degrees of reliance* by the persons to whom they were addressed.'

**{¶62}** "Courts generally find that the existence of common misrepresentations obviates the need to elicit individual testimony as to each element of a fraud or misrepresentation claim, especially where written misrepresentations or omissions are involved. They recognize that when a common fraud is perpetrated on a class of persons, those persons should be able to pursue an avenue of proof that does not focus on questions affecting only individual members. If a fraud was accomplished on a common basis, there is no valid reason why those affected should be foreclosed from proving it on that basis." *Cope v. Metropolitan Life Insurance Company* (1998), 82 Ohio St. 3d 426, 249-430, internal citations omitted.

**{¶63}** The Ohio Supreme Court went on to note that a wide variety of claims may be established by common proof in cases involving similar form documents or the use of standardized procedures and practices. Id., citing *Hamilton v. Ohio Savings Bank* (1998), 81 Ohio St. 3d 67.

**{¶64}** In the instant case, the trial court did not err in finding predominance as to Class 2. The claims are based on a common pattern of review procedures employed by Grange. The plaintiffs allege that they were harmed by the use of a standardized practice and procedure, and the same issues thus predominate throughout the class and will require common proof.

**{¶65}** We further find the trial court did not err in finding a class action to be superior to other available methods for the fair and efficient adjudication of the controversy as to Class 2.  As to the considerations enumerated in Civ. R. 23(B)(3), the court specifically found:

**{¶66}** "Finally, there appears to be minimal interest in the class members controlling the litigation since individual claims are to be relatively small.  Wolfe alleges that she is unaware of any similar litigation by members of Class II and III against Grange.  More importantly, the Court sees the class certification as a superior method for resolving these claims rather than a 'voluminous' number of separate trials that could lead to inconsistent results, and the management of this action does not outweigh the potential benefits to the class members in a judicial system as a whole.  The members of the class will save on court costs, attorneys fees, and the class certification will provide for judicial economy of the issues."

**{¶67}** We find no abuse of discretion in this finding.

**{¶68}** The third assignment of error is overruled.

{¶69} The judgment of the Stark County Common Pleas Court certifying Class 2 is affirmed.  The judgment of the court certifying Class 3 is reversed.  This cause is remanded to that court for further proceedings according to law.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

                                        JUDGES

JAE/r0728

[Cite as *Wolfe v. Grange Indemn. Ins. Co.*, 2012-Ohio-598.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TIAN WOLFE | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GRANGE INDEMNITY INSURANCE COMPANY, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2010CA00339 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part, and reversed and remanded in part. Costs assessed 50% to appellee and 50% to appellant.

_____

_____

_____

JUDGES