*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH L. WHITE,

Plaintiff-Appellant,

v

WILLIAM J. OCHALEK JR. and MARIANNE
OCHALEK,

Defendants-Appellees.

UNPUBLISHED
June 11, 2020

No. 347377
Alcona Circuit Court
LC No. 16-002712-CH

Before: CAMERON, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

In this riparian rights dispute, plaintiff appeals as of right the trial court's order denying plaintiff's request for declaratory relief and concluding that plaintiff failed to establish title to the disputed property through acquiescence or adverse possession. We affirm.

## I. BACKGROUND

This case concerns the boundary line between adjoining lots that abut Hubbard Lake. In 1990, plaintiff purchased his parcel of land. In 1998, defendants purchased the adjacent property to the east. At issue here is a triangular-shaped piece of land measuring approximately 29 feet and 8 inches in width that lies between the eastern boundary of plaintiff's parcel and the western boundary of defendants' parcel.

The parties' deeds provide that they each own 100 feet of water frontage along Hubbard Lake's shore. To alleviate erosion problems, a seawall was installed in 2000 pursuant to an agreement among multiple neighbors, including the parties. The seawall between plaintiff's parcel and his neighbor to the west had different elevations. According to plaintiff, an orange dot was placed on the seawall to show the difference in elevation.

In 2001, the parties installed a davit arm that they mutually used for their watercrafts. In 2011, plaintiff unilaterally moved the davit arm to its current location. Plaintiff asserts that the new location of the davit arm defines the boundary between the parties' properties. Put differently, plaintiff argues that he owns the property from the orange dot to the davit arm, equaling 100 feet.

-1-

Plaintiff filed a complaint, asserting that he was entitled to declaratory relief because defendants did not assert a claim to the disputed property within the applicable statutory period of limitations. Plaintiff also argued that he acquired title to the disputed property through acquiescence or adverse possession. The trial court denied plaintiff's request to quiet title and for declaratory relief.

This appeal followed.

## II. HEARSAY

First, plaintiff argues that the trial court abused its discretion by admitting hearsay evidence. We disagree.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "Hearsay is not admissible unless a specific exception applies." *Campbell v Dep't of Human Servs*, 286 Mich App 230, 245; 780 NW2d 586 (2009), citing MRE 802.

At some point, plaintiff installed some lights on a portion of the seawall. In 2010, defendants' attorney sent plaintiff a letter stating that the lights were on defendants' portion of the seawall. Specifically, the letter stated, "The Ochaleks have no issue with your use and enjoyment of the water and sea wall, so long as you do not create an ownership interest. Technically, the installed lights are a trespass, and a continuing one on the Ochalek's property." The letter also requested that plaintiff remove the lights. Plaintiff responded to the letter relevantly stating that he did not install the lights "to establish property definition."

Plaintiff objected to the admission at trial of the letter from defendants' attorney, contending it was hearsay. The following exchange ensued:

> *The court*: What's your . . . response to the hearsay objection?
>
> [*Defense counsel*]: Your Honor, its [sic] not offered for the truth of the matter asserted. Its [sic] simply offered to ask him what his understanding was of these words. I'm not asking him to do anything other than tell . . . the Court what he believed the [defendants] were claiming.
>
> *The court*: I'm going to allow it.
>
> [*Plaintiff's counsel*]: If, if, I was going to say, if that's the limited purpose is, is not the statement. The truth of the statement is within the document then it would be for most purposes, its [sic] okay. If he's moving to administer [sic] the statements that are in, it would not be admissible then.
>
> *The court*: I'm going to allow it. Go ahead.

This exchange indicates to us that plaintiff agreed to the admission of the letter so long as it was limited to its effect on the listener, not admitted as the truth of the matter asserted. "A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal."

*Grant v AAA Mich/Wisconsin, Inc*, 272 Mich App 142, 148; 724 NW2d 498 (2006). In such circumstances, we consider the issue waived because we do not permit a party "to harbor error as an appellate parachute." *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 613; 928 NW2d 726 (2018) (quotation marks and citation omitted). We conclude that plaintiff's claim of error regarding the admission of Exhibit 9 is waived because he affirmatively consented to its admission below. Although we need not consider plaintiff's claim further, for the sake of completeness, we will address the merits of plaintiff's claim. If a party preserves an evidentiary issue, we review the trial court's decision to admit evidence for an abuse of discretion. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

We conclude that trial court did not abuse its discretion when it admitted the letter because it was not offered to prove the truth of the matter asserted. Rather, it was offered to show the effect on the listener. "Statements offered to show that they were made or to show their effect on the listener are not hearsay." *Hilliard v Schmidt*, 231 Mich App 316, 318; 586 NW2d 263 (1998), abrogated in part on other grounds *Molloy v Molloy*, 247 Mich App 348, 349-350; 637 NW2d 803 (2001). Here, defense counsel merely asked plaintiff what he thought the letter meant by the phrase "[t]he Ochaleks have no issue with your use of enjoyment of the water and sea wall so long as you do not create an ownership interest." Therefore, defense counsel's line of questioning related to plaintiff's interpretation of the letter. And because the letter was not being offered to prove the truth of the matter asserted, we conclude that the trial court did not abuse its discretion by admitting it.

## III. ACQUIESCENCE AND ADVERSE POSSESSION

Plaintiff next argues that he acquired title to the disputed property by acquiescence or adverse possession. We disagree.

We review an action to quiet title, which is equitable in nature, de novo. See *Sackett v Atyeo*, 217 Mich App 676, 680; 552 NW2d 536 (1996). We review the trial court's factual findings for clear error. *Id.*

We agree with the trial court that plaintiff's claim of acquiescence lacks merit. There are three theories of acquiescence: "(1) acquiescence for the statutory period; (2) acquiescence following a dispute and agreement; and (3) acquiescence arising from intention to deed to a marked boundary." *Id.* at 681. In this case, the theory at issue is acquiescence for the statutory period. Under this theory, "acquiescence to a boundary line may be established where the line is acquiesced in for the statutory period irrespective of whether there has been a bona fide controversy regarding the boundary." *Id.* In other words, "where adjoining property owners acquiesce to a boundary line for at least fifteen years, that line becomes the actual boundary line." *Killips v Mannisto*, 244 Mich App 256, 260; 624 NW2d 224 (2001).

The trial court did not clearly err when it found that there was no mistake about the boundary between the parties' properties and that the parties did not treat the seawall as the

-3-

boundary line between their properties during the statutory period.[1]  As we referenced above, defendants' attorney's letter demonstrates plaintiff's awareness that defendants did not acquiesce to the seawall being the boundary line because in 2010, they informed plaintiff he had placed lights on the disputed seawall portion that belonged to them, not him.  Moreover, after Mr. Ochalek had a survey conducted in 2009 to determine the boundary between the parties' properties, Mr. Ochalek placed a stake in the ground to show this boundary.  Further, as the trial court noted, although plaintiff testified that he was the only person who backfilled and seeded the disputed property area, Mr. Ochalek testified that plaintiff did not fill in all of the dirt.  Instead, Mr. Ochalek testified that "[t]he dirt was located in my yard, was dropped off by a contractor we hired to deliver the dirt for all of the properties along there," and that Mr. Ochalek raked the dirt.  We must defer to the trial court's superior ability to judge the credibility of the witnesses who appear before it. *Patel v Patel*, 324 Mich App 631, 633; 922 NW2d 647 (2018).  Based on this record, we conclude that the trial court did not clearly err.

We also conclude that plaintiff's claim of adverse possession is without merit.  "A party claiming adverse possession must show clear and cogent proof of possession that is actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the relevant statutory period."  *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 202; 912 NW2d 161 (2018).  Hostility in this context means the "use of property without permission and in a manner that is inconsistent with the rights of the true owner."  *Jonkers v Summit Twp*, 278 Mich App 263, 273; 747 NW2d 901 (2008).  Concurrent possession with the true owner is not exclusive. *Id.* at 274.  The statutory period of limitations for adverse possession is 15 years.  MCL 600.5801(4).  Generally, the statutory period of limitations begins to run when the action accrues. *Adams v Adams*, 276 Mich App 704, 719; 742 NW2d 399 (2007).  "As is true in actions to quiet title, '[w]henever any person is disseised, his right of entry on and claim to recover land accrue at the time of his disseisin.' "  *Id.*, quoting MCL 600.5829(1).  "Disseisin occurs when the true owner is deprived of possession or displaced by someone exercising the powers and privileges of ownership."  *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993).

Assuming that defendants owned the disputed property and that defendants were dispossessed in 2000 when the seawall was installed, as plaintiff argues, the trial court did not clearly err by finding that plaintiff's use of the disputed property was not continuous, exclusive, hostile, and uninterrupted for 15 years.  See *Marlette Auto Wash, LLC*, 501 Mich at 202.  The parties used the davit arm from 2001 until 2011 when plaintiff unilaterally moved the davit arm and asserted that it defined the boundary between the parties' properties.  "Title by adverse possession is gained when the period of limitations expires, not when legal action quieting title to the property is brought."  *Id.* at 196.  Accordingly, 2026 would be the earliest plaintiff could acquire title by adverse possession.[2]

---

[1] We note that plaintiff relies heavily on *Corrigan v Miller*, 96 Mich App 205; 292 NW2d 181 (1980) on appeal.  *Corrigan* is distinguishable because the parties in this case never used the seawall as a boundary.

[2] In light of our conclusions, we also reject plaintiff's argument that the trial court erred when it denied his request for declaratory relief.  *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 455-456; 761 NW2d 846 (2008).

In short, the evidence does not establish that the parties treated the seawall as the boundary line for at least 15 years to establish a claim of adverse possession. Further, the statutory period of limitations to establish a claim of adverse possession has not expired. Therefore, there was no actual controversy, and the trial court lacked jurisdiction to issue a declaratory judgment. *Tenneco Inc*, 281 Mich App at 455-456; *McGill v Auto Ass'n of Mich*, 207 Mich App 402, 407; 526 NW2d 12 (1994).

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Anica Letica