*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TYNINA FLOWERS,

Plaintiff-Appellee,

v

KEVIN WILSON and CHERI MICHELLA PETRI,

Defendants,

and

AUTO CLUB INSURANCE ASSOCIATION and MEMBERSELECT INSURANCE COMPANY,

Defendants-Appellants.

UNPUBLISHED
September 22, 2022

No. 354436
Wayne Circuit Court
LC No. 18-015328-NI

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Tynina Flowers was injured in a car accident and sought personal protection insurance benefits from Auto Club Insurance Association and Memberselect Insurance Company (together "Auto Club") for her medical bills. Auto Club paid only what it considered a "reasonable" fee for Flowers's medical expenses, but promised to indemnify and defend Flowers if her medical providers sought further payment. Auto Club moved for summary disposition, arguing that its promise negated any potential harm to Flowers caused by the unpaid bills. The trial court disagreed and denied Auto Club's motion. We reverse.

Flowers received medical care for the injuries she received in the car accident underlying this case. Auto Club paid only the bills it deemed "reasonable," paying part of some bills and allegedly leaving others entirely unpaid. Flowers then sued Auto Club for the unpaid balance of her medical bills, and Auto Club moved for summary disposition. Auto Club argued that Flowers could not state a claim under the no-fault act, MCL 500.3101 *et seq.*, because it agreed to "indemnify and defend" Flowers if any medical provider sued her for the unpaid bills. Flowers

responded, arguing that whether Auto Club paid a "reasonable" fee presented a question of fact for the jury to decide. She additionally argued that she could be harmed by Auto Club's actions even if she was never sued because unpaid debts could be sold to collection agencies and negatively affect her credit rating. The trial court agreed, adopting Flowers's arguments and denying Auto Club's motion for summary disposition. This Court initially denied Auto Club's application for leave to appeal, *Flowers v Wilson*, unpublished order of the Court of Appeals, entered December 9, 2020 (Docket No. 354436), but our Supreme Court remanded this case to us to consider as on leave granted, *Flowers v Wilson*, 508 Mich 943 (2021).

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632. In contrast, "[a] motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998) (citation omitted).

Under the no-fault act, "an insurer is liable only for those medical expenses that constitute a reasonable charge for a particular product or service." *McGill v Auto Assn of Mich*, 207 Mich App 402, 405; 526 NW2d 12 (1994). Similarly, "medical care providers are prohibited by law from charging more than a reasonable fee." *Id*., citing MCL 500.3157.

Auto Club acknowledges that it has not paid all of Flowers's medical bills, but it nevertheless argues that it is entitled to summary disposition because Flowers cannot be harmed by that decision due to Auto Club's promise to indemnify and defend Flowers from any actions taken against her by medical providers regarding the unpaid bills. Auto Club has repeatedly asserted that this promise also requires it to protect Flowers's credit. Both parties extensively rely on *McGill* and *LaMothe v Auto Club Ins Ass'n*, 214 Mich App 577; 543 NW2d 42 (1995), overruled in part on other grounds by *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), in their briefs on appeal.

Although Flowers and Auto Club each extensively rely on *McGill*, we are not bound by *McGill* because it was a standing decision that turned on the more onerous declaratory-judgment "case or actual controversy" requirement. See *McGill*, 207 Mich App at 407. In contrast, Flowers does not seek declaratory judgment so the normal, and more lenient, standing doctrine applies in this case. See *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). That said, *LaMothe* is directly on point and controls the outcome in this case.

In *LaMothe*, the insurer paid only the medical expenses it deemed reasonable under the no-fault act so the insured sued his insurer for the unpaid balance. *LaMothe*, 214 Mich App at 579-580. The insurer promised to "fully defend and indemnify the insured from liability for necessary services priced in excess of what the insurer considers to be reasonable and customary." *Id*. at 583. The *LaMothe* Court concluded that this promise was legally enforceable "regardless of the period of limitation in the policy that controls presentment of claims to the insurer" and, therefore,

the plaintiff was not harmed by the insurer's actions, which required dismissal of the plaintiff's case. *Id*. at 582-585 and 585 n 5.

This case is nearly identical to *LaMothe*, the only differences being that Flowers argues that the harm to her credit rating is a damage in and or itself (the *LaMothe* plaintiff argued that damaged credit caused anxiety, which this Court said was not recoverable, *id*. at 582-583) and Auto Club has allegedly left some medical bills completely unpaid. As for the credit issue, Auto Club has repeatedly represented to this court that its promise to indemnify and defend Flowers also obligates it to protect her credit. As explained in *LaMothe*, Auto Club's promise to indemnify and defend Flowers is legally enforceable and requires Auto Club to aid Flowers as promised in the future even if Auto Club no longer insures Flowers. This promise is also not limited to only those claims that Auto Club has partially paid. Rather, Auto Club has promised to indemnify and defend Flowers against any medical provider seeking unpaid bills. That promise applies equally to unpaid and partially-paid bills. Thus, just like in *LaMothe*, Flowers cannot state a claim because Auto Club's promise protects her from any harm resulting from Auto Club's decisions regarding which medical bills to pay. See *id*. at 583-585.

Reversed and remanded for proceedings consistent with this opinion. Auto Club, as the prevailing party, may tax costs under MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle