*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Plaintiff/Counterdefendant-Appellee,

v

CENTRIA HOME REHABILITATION, LLC,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
March 9, 2023

No. 359555
Oakland Circuit Court
LC No. 2019-177415-NF

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Defendant/counterplaintiff, Centria Home Rehabilitation, LLC, appeals by leave granted[1] the trial court's order granting summary disposition in favor of plaintiff/counterdefendant, Progressive Michigan Insurance Company. Because the trial court erred when it granted summary disposition in plaintiff's favor, we reverse and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On December 31, 2016, Samantha Calhoun was injured in a motor vehicle accident. She was covered by a policy of no-fault insurance issued by plaintiff and received in-home attendant care services from defendant, which were performed by Samantha's mother, her brother, and other home health aides. Between February 7, 2017, and June 30, 2021, plaintiff paid defendant a total of $582,722.40 for attendant care services, which was $233,462.53 less than what defendant had billed for its services.

On June 21, 2019, plaintiff filed a complaint alleging that it had mistakenly issued two payments to defendant and had overpaid defendant in the amount of $8,375. Defendant answered

---

[1] *Progressive Mich Ins Co v Centria Home Rehab, LLC*, unpublished order of the Court of Appeals, entered April 13, 2022 (Docket No. 359555).

and asserted a counterclaim against plaintiff, alleging that plaintiff failed to pay to it all of the personal protection insurance (PIP) benefits required under the no-fault act. Plaintiff subsequently moved for summary disposition regarding defendant's counterclaim, arguing that defendant had no right under the no-fault act to seek payment of the balance due, i.e., the difference between what defendant billed and what plaintiff paid. The trial court agreed and entered an order granting the motion for summary disposition on defendant's counterclaim "for the reasons set forth by Plaintiff/Counter-Defendant." This appealed followed.

## II. ANALYSIS

On appeal, defendant contends that the trial court erred when it granted summary disposition in plaintiff's favor because the outcome of this case is controlled by *Mich Institute of Pain & Headache, PC v State Farm Mutual Auto Ins* Co, unpublished per curiam opinion of the Court of Appeals, issued June 24, 2021 (Docket No. 353033). In that case, we concluded that the plaintiff health care provider could maintain a cause of action to seek recovery of the billed difference, distinguishing *McGill v Auto Ass'n of Mich*, 207 Mich App 402; 526 NW2d 12 (1994), and *LaMothe v Auto Club Ins Ass'n*, 214 Mich App 577; 543 NW2d 42 (1995). *Mich Institute of Pain*, unpub op at 3-4. For its part, plaintiff argues that this Court is bound by *McGill* and *LaMothe*, both cases in which this Court stated that the proper method for challenging the reasonableness of an insurer's payments to a health care provider is through a lawsuit brought by the provider against the insured.

For the reasons stated in *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 359371), a case that presents the same legal question presented in this case, we reverse the trial court's order granting summary disposition in plaintiff's favor. As we stated there: "When a health care provider, acting under an assignment of rights from an insured or under a direct cause of action under MCL 500.3112, seeks to recover the balance due for PIP benefits from an insurer and there is a dispute over the reasonableness of the charges, the health care provider has standing to bring such a claim directly against the insurer." *Centria*, ___ Mich App ___, ___; ___ NW2d ___ (2013) (Docket No. 359371), slip op at 10. Accordingly, the trial court erred when it granted plaintiff's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle

-2-